Alexei **FEDOSSOV**, Petitioner,

v.

Brian R. **PERRYMAN**, District Director, **Immigration and Naturalization Service**, Respondent.

No. 97 C 2297.

United States District Court, N.D. Illinois, Eastern Division.

May 13, 1997.

Taher Kameli, Kameli & Associates, P.C., Chicago, IL, for Petitioner.

John Frederich Hurlbut, Special Assistant U.S. Attorney, Chicago, IL, for Respondent.

### MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

Petitioner Alexei Fedossov ("Fedossov"), an alien who is subject to a final order of deportation, filed a complaint for declaratory and injunctive relief along with a petition for writ of habeas corpus seeking to prevent the United States Immigration and Naturalization Service ("INS") from executing the deportation order pending a final ruling from the Board of Immigration Appeals ("BIA") on Fedossov's appeal from the denial of his motion to reopen. Respondent Brian R. Perryman, INS's District Director, now seeks dismissal of Fedossov's complaint and petition on the grounds that (1) this Court lacks subject matter jurisdiction to review Fedossov's claims; (2) Fedossov's custody pending deportation is lawful; (3) neither Fedossov's marriage to a U.S. citizen nor the existence of an approved visa petition bars execution of the final deportation order; and (4) deporting Fedossov while his BIA appeal is pending does not violate Fedossov's due process rights. For the reason set forth below, the Court grants Respondent's motion.

### BACKGROUND

Fedossov is a native and citizen of Ukraine who entered the United States as a visitor for business on December 6, 1993; he was authorized to remain only until December 13, 1993. Subsequently, petitioner filed an application for political asylum that was denied on June 6, 1994.

On December 14, 1994, INS issued an order to show cause against Fedossov charging him with deportability under 8 U.S.C. § 1251(a)(1)(C)(i) for remaining in the United States for a longer time than permitted.

On September 29, 1995, Fedossov was accorded a deportation hearing before an immigration judge. At this hearing, Fedossov admitted the allegations of the order to show cause and was granted voluntary departure until January 29, 1996. The voluntary departure order provided that the order would automatically become an order of deportation if petitioner did not depart the United States by January 29, 1996 (or by a later date fixed by the district director).

Fedossov did not depart the United States by January 29, and, consequently, the voluntary departure order became a final order of deportation.

On January 16, 1996, petitioner married Lyudila Fedossov, a United States citizen. On March 30, 1996, an immediate relative visa petition and application for permanent residence were filed on behalf of Fedossov based on his marriage. This visa petition was approved by INS on April 1, 1997.

On January 29, 1997, Fedossov filed both an application for a stay of deportation with the district director and a motion to reopen with the immigration judge. The district director denied Fedossov's stay application on February 4, 1997. The immigration judge denied Fedossov's motion to reopen February 26, 1997.

On March 28, 1997, Fedossov filed an appeal from the immigration judge's denial of the motion to reopen with BIA. On April 2, 1997, BIA denied Fedossov's request for a stay of deportation pending a final decision on his appeal based on BIA's conclusion that there was little likelihood that Fedossov's appeal would be successful.

On April 2, 1997, Fedossov filed this complaint and petition, alleging (1) that his custody pending deportation is unlawful and (2) that execution of the final deportation order should be stayed, as deporting him now would render his BIA appeal moot and would preclude him from obtaining a hearing or an adjudication on the merits of his claim.

## DISCUSSION

Respondent correctly notes that this Court now lacks subject matter jurisdiction to hear the claims raised in Fedossov's complaint and petition. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009, enacted by Congress in September 1996 entirely redefined the scope and/or availability of judicial review of immigration orders and decisions. Of particular importance in this action is IIRIRA's amendment of 8 U.S.C. 1252(g) ("Section 1252(g)"), which now provides as follows:

> (G) EXCLUSIVE JURISDICTION. Except as provided in this section and *notwithstanding any other provision of law*, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [the Immigration and Nationality Act ("INA")].

*See* IIRIRA § 306(a) (emphasis added).[1]

■■■ As its title suggests, Section 1252(g) was enacted in order to preserve the Court of Appeals' "exclusive jurisdiction" by broadly precluding aliens from bringing any deportation-related claim outside the context of the streamlined judicial review scheme established by Congress in the INA. *See* H.Rep. No. 104–469(I), 104th Cong., 2d Sess. 359, 463 (1996) (reproduced at 1996 WL 168955) (explaining that amendments to judicial review provisions were enacted in order to provide a "streamlined appeal and removal process"). The amended Section 1252(g) makes clear that *no* court may hear *any* claim arising from the Attorney General's decision or action to commence proceedings, adjudicate cases, and execute deportation orders[2], with the limited exception that "final orders of removal" may be reviewed "only by the court of appeals pursuant to 28 U.S.C. § 158." *See* 8 U.S.C. § 1252(a)(1), as amended.

The Seventh Circuit already has recognized the breadth of Section 1252(g)'s application, holding in *Ter Yang v. INS*, 109 F.3d 1185 (7th Cir.1997), that, effective April 1, 1997, Section 1252(g), as amended by IIRIRA, "abolishes even review under [28 U.S.C.] § 2241, leaving only the constitutional writ, unaided by statute." *Id.* at 1195.[3] As explained by the *Ter Yang* court, "Congress wanted to expedite the removal of criminal aliens from the United States by eliminating judicial review, not to delay removal by requiring aliens to start the review process in the district court rather than the court of

---

1. IIRIRA section 306(a) and (b) repealed the exclusive judicial review scheme previously contained in 8 U.S.C. section 1105a, and replaced it with a new exclusive judicial review scheme to be codified at 8 U.S.C. section 1252. Many of these new provisions do not apply to aliens placed into deportation proceedings prior to April 1, 1997. Other provisions are applicable now and do apply to aliens already in proceedings prior to that date. *See* IIRIRA section 306(c) and 309(c)(4) (setting forth transitional rules for judicial review for aliens already in proceedings). As discussed below, however, 8 U.S.C. section 1252(g), is effective now and applies to this case.

2. Under IIRIRA Section 309(d)(2), a reference to an order of removal in the amended statute is deemed to include an order of deportation.

3. Significantly, the *Ter Yang* court stated that although aliens still may attempt to utilize "the Great Writ preserved in the constitution," that avenue of collateral attack is unlikely to offer much relief from validly executed deportation orders:

> Aliens may seek the writ that Art. I § 9 cl. 2 preserves against suspension. But we are reluctant to place weight on its availability because the Supreme Court long ago made it clear that this writ does not offer what our petitioners desire: review of discretionary decisions by the political branches of government. *See, e.g., United States ex rel. Vajtauer v. Commissioner of Immigration*, 273 U.S. 103, 106, 47 S.Ct. 302, 304, 71 L.Ed. 560 (1927) ("Deportation without a fair hearing on charges unsupported by any evidence is a denial of due process which may be corrected on habeas corpus. But a want of due process is not established by showing merely that the decision is erroneous."); *United States ex rel. Tisi v. Tod*, 264 U.S. 131, 132, 44 S.Ct. 260, 261, 68 L.Ed. 590 (1924) ("Tisi's claim to be discharged on habeas corpus rests wholly upon the contention that he has been denied due process of law.... [M]ere error, even if it consists in finding an essential fact without adequate supporting evidence, is not a denial of due process of law.").

> *Ter Yang*, 109 F.3d at 1195.

appeals." *Id.*[4]

■ The jurisdictional bar contained in Section 1252(g) is effective now and applies to this case.[5] Fedossov seeks to stay the execution of the final deportation order currently pending against him until BIA rules on the appeal from the immigration judge's denial of his motion to reopen. Fedossov's present action thus challenges the action of the district director (who acts upon the delegated authority of the Attorney General) to execute his deportation order. This is precisely the type of claim Congress sought to bar when it enacted 8 U.S.C. § 1252(g). Consequently, this Court now lacks subject matter jurisdiction to consider Fedossov claims and, accordingly, dismisses Fedossov's action in its entirety.[6]

## CONCLUSION

For the foregoing reasons, the Court grants Respondent's motion to dismiss Fedossov's action for lack of subject matter jurisdiction.

---

4. Other recent amendments to the INA also significantly have limited the jurisdiction of district courts in deportation-related challenges. For example, Section 401(e) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (April 24, 1996), previously repealed 8 U.S.C. § 1105a(a)(10), which provided for custody review by habeas corpus. In addition, in IIRIRA Section 381, Congress amended 8 U.S.C. § 1329, thereby eliminating that provision as a potential basis for jurisdiction for suits brought *against* the United States.

5. IIRIRA Section 306(c) provides that the jurisdictional limitation set forth in Section 1252(g) "shall apply without limitation to claims arising from all past, pending, or future exclusions, deportation, or removal proceedings under such Act." *See* IIRIRA Section 306(c)(1). In *Lalani v. Perryman*, 105 F.3d 334 (7th Cir.1997), the Seventh Circuit held that Section 1252(g) became effective on April 1, 1997 and that, as of that date, Section 1252(g) would apply to all pending claims. *Lalani*, at 336. Fedossov's present action was filed on April 2, 1997.

6. Because the Court concludes that it lacks subject matter jurisdiction to review Fedossov's various claims, the Court need not (and does not) address the parties' various assertions as to (1) the lawfulness of Fedossov's detention pending deportation and/or (2) the propriety of executing the final deportation order prior to BIA's resolution of Fedossov's appeal.