**Marian MUSTATA and Lenuta Mustata, Petitioners,**

v.

**U.S. DEPARTMENT OF JUSTICE, Carol Jenifer, District Director, Immigration and Naturalization Service, Respondent.**

No. 1:96 CV 903.

United States District Court,
W.D. Michigan,
Southern Division.

July 11, 1997.

Robert F. Mirque, Grand Rapids, MI, for Petitioners.

Edith A. Landman, Asst. U.S. Atty., Michael H. Dettmer, U.S. Atty., Grand Rapids, MI, for Respondent.

## OPINION REGARDING PETITION FOR WRIT OF HABEAS CORPUS AND PETITIONERS' MOTION FOR STAY OF PROCEEDINGS

QUIST, District Judge.

The Petitioners, Marian Mustata and Lenuta Mustata, have filed a petition with this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt.# 1), and a motion to stay a decision by this Court on their petition (Dkt.# 19). The Petitioners also have filed objections to the Report and Recommendation submitted by Magistrate Judge Doyle A. Rowland on January 30, 1997 (Dkt.# 14). The Respondents filed their response on March 28, 1997 (Dkt.# 18). For the reasons stated below, the petition and motion to stay shall be dismissed.

The Mustatas are citizens of Romania who have been residing with their two children (natural born United States citizens) in Wyoming, Kent County, Michigan. On February 14, 1996, the Petitioners withdrew their then pending asylum claim and abandoned their contest against deportation. An Immigration Judge granted them voluntary departure from the United States on or before November 14, 1996. The order for voluntary departure stated that if the Petitioners did not leave by November 14, 1996, the order would become a deportation order.

On November 14, 1996, the Petitioners filed their petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition for habeas corpus contends that the Petitioners were denied effective assistance of counsel when they were advised to withdraw their asylum claim. They further contend that they should have been granted asylum and that their deportation would violate their rights of due process and equal protection. The Respondents moved to dismiss the petition on December 9, 1996. The petition is opposed by the Respondents on the basis that the Court lacks jurisdiction over this matter.

Magistrate Judge Rowland's January 30, 1997 Report and Recommendation found that the courts' habeas corpus jurisdiction has been limited pursuant to the Immigration

and Nationality Act (INA), as amended by Section 306(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). The pertinent section of that Act provides:

> (g) EXCLUSIVE JURISDICTION. Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases or execute removal orders against any alien under [the INA].

IIRIRA § 306(a), 8 U.S.C. § 1252(g).

Based on analogous cases involving the Anti–Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which had been interpreted as limiting habeas jurisdiction, the Magistrate Judge concluded that this Court's habeas corpus jurisdiction over Petitioners' claims was limited to determining whether the Petitioners suffered a "grave constitutional error" or a "fundamental miscarriage of justice" in connection with their deportation proceedings. In reaching that conclusion, the Magistrate Judge relied on *Powell v. Jennifer, et al.,* 937 F.Supp. 1245, 1252–53 (E.D.Mich.1996) and *Mbiya v. I.N.S.,* 930 F.Supp. 609, 612 (N.D.Ga.1996). *See also, Duldulao v. Reno,* 958 F.Supp. 476, 480–81 (D.Hawai'i 1997). Based on his review of the file and the case, the magistrate judge concluded that to the extent that the Petitioners' petition survived the jurisdictional limitations, it failed on the merits.

■ The applicability and construction of Section (g), effective April 1, 1997, lies at the heart of the dispute in the instant case. Section (g) is now in full effect, codified at 8 U.S.C. § 1252(g). *See I.N.S. v. Yang,* —— U.S. ——, —— n. 1, 117 S.Ct. 350, 352 n. 1, 136 L.Ed.2d 288 (1996). The purpose of Section 1252(g) is to preserve the Court of Appeals' "exclusive jurisdiction" by precluding aliens from bringing any deportation-related claim outside the context of the streamlined judicial review scheme established by Congress in the INA. *See* H. Rep. No. 104–469(i), 104th Cong., 2d Sess. 359, 463 (1996), *Fedossov v. Perryman,* 969 F.Supp.

26 (N.D.Ill. 1997). Under Section 1252(g), no court may hear any claim arising from the Attorney General's decision or action to commence proceedings, adjudicate cases, and execute deportation orders. *Moore v. District Director, I.N.S.,* 956 F.Supp. 878, 881 n. 2 (D.Neb.1997). The only exception is that "final orders of removal" may be reviewed "by the Court of Appeals pursuant to 28 U.S.C. § 158." 8 U.S.C. § 1252(a)(1), as amended. Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), which amended the INA, § 309(d)(2), a reference to an order of removal in the amended statute is deemed to include an order of deportation. The IIRIRA also repealed 8 U.S.C. § 1105a, upon which the Petitioners rely for habeas jurisdiction over their claims. Finally, IIRIRA § 306(c) provides that the jurisdictional limitation set forth in § 1252(g) "shall apply without limitation to claims arising from all past, pending, or future exclusions, deportation, or removal proceedings under such Act." IIRIRA § 306(c)(1); *Lalani v. Perryman,* 105 F.3d 334, 336 (7th Cir.1997). Accordingly, § 1252(g) applies to the petition before this court, even though it was filed prior to the effective date of the Act.

■ The restriction in the statute on this court's jurisdiction is consistent with Congress' authority to restrict review of executive deportation orders without offending due process or Article III considerations. *See Yang v. I.N.S.,* 109 F.3d 1185, 1196–97 (7th Cir.1997). Furthermore, there is no constitutional right to judicial review of deportation orders. *Duldulao v. I.N.S.,* 90 F.3d 396 (9th Cir.1996) (review of decision under AEDPA).

Alternatively, the Petitioners argue in their objections that even if the new provisions of the IIRIRA divest the Court of its subject matter jurisdiction to hear a petition for writ of habeas corpus under the INA, the Court retains jurisdiction under 28 U.S.C. § 2241.

■ As the Magistrate Judge correctly noted in his Report and Recommendation, Congress has the power to expand and contract the scope of federal courts' habeas cor-

pus review. *See Felker v. Turpin*, —— U.S. ——, ——, 116 S.Ct. 2333, 2338, 135 L.Ed.2d 827 (1996). In *Felker*, the Supreme Court held that the Anti–Terrorism and Effective Death Penalty Act of 1996 did not remove the Supreme Court's original habeas jurisdiction, conferred by 28 U.S.C. § 2241(c), because the Act does not expressly revoke all habeas jurisdiction. *See Felker*, —— U.S. at ——, 116 S.Ct. at 2338. Consequently, there is a split in authority as to whether § 1252(g) applies to habeas petitions under 28 U.S.C. § 2241, with some courts holding that limited jurisdiction remains. *Moore*, 956 F.Supp. at 882–83; *Powell*, 937 F.Supp. at 1252–53; *Mbiya*, 930 F.Supp. at 612. Other courts have found that the IIRIRA meets the *Felker* requirement in that § 1252(g) states that no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General." *See Charan v. Schiltgen*, No. C 96–3061 FMS, 1997 WL 135938, at *3 (N.D.Cal., March 18, 1997); *Fedossov*, 969 F.Supp. at 28; and *Yousif v. Perryman*, No. 96C7581, 1997 WL 160748, at *1 (N.D.Ill. April 2, 1997). *Charan* also held that in that case there was no jurisdiction under the Suspension Clause (U.S. Const., Article I, § 9 cl. 2). *Charan*, 1997 WL 135938, at *4–5. In *Benziane v. United States*, 960 F.Supp. 238 (D.Colo. 1997), the Court determined that it would lack jurisdiction after April 1, 1997, and that in any event, it had no jurisdiction over the petition for habeas corpus because the decision of the Attorney General cannot be attacked through a habeas petition. *Id.* at *5.

In light of the purpose of the IIRIRA and Congress' intent in enacting that legislation, this Court finds the reasoning in *Charan*, *Fedossov* and similar cases persuasive. Section 1252(g) clearly removes this Court's jurisdiction over any final decision of the Attorney General. In this case, the Immigration Judge entered a final order. As of April 1, 1997, this Court has no jurisdiction to hear any challenge to that order, including one couched as a petition for writ of habeas corpus under § 2241.[1]

Based on the foregoing, this Court determines that it has no jurisdiction to hear the Petitioners' petition for writ of habeas corpus. Accordingly, this Court dismisses the petition, as well as the Petitioners' motion for stay of proceedings on that petition.

---

1. Because this Court no longer has jurisdiction to hear the Petitioners' claims, it need not address the Report and Recommendation. However, if this Court retained habeas jurisdiction under § 2241, it would find that the petition fails for the reasons stated in the Report and Recommendation.