**Zofia WOZCINA, Petitioner,**

v.

**U.S. IMMIGRATION AND NATURAL-
IZATION SERVICE, Defendant.**

**No. 3:97CV2575 (RNC).**

United States District Court,
D. Connecticut.

Dec. 12, 1997.

Kweku Joseph Hanson, Hanson & Assoc., Hartford, CT, for Zofia Wozcina, Petitioner.

Carl J. Schuman, U.S. Attorney's Office, Hartford, CT, for I.N.S., Defendant.

*RULING AND ORDER*

CHATIGNY, District Judge.

Petitioner commenced this action shortly before noon on December 9, 1997 to prevent her deportation, which was then imminent. By the time the defendant was served and the matter could be heard, petitioner was en route to Kennedy Airport in New York, where she was to be placed on a flight leaving the country. The government responded to the petition by moving to dismiss. After a brief hearing, petitioner's request for a temporary restraining order was granted to prevent her deportation while the government's motion was under consideration. Defendant complied with the order by returning petitioner to this District.

For reasons that follow, the petition is without merit and must be dismissed. However, the government has consented to a 14 day stay of deportation to permit petitioner to seek a stay of deportation from the court of appeals.

**Background**

Petitioner, a native and citizen of Poland, entered the United States on a tourist visa in

1985, when she was 17 years old. She was authorized to stay six months. In March 1993, deportation proceedings were instituted against her on the ground that she had stayed longer than permitted. At a hearing in January 1995, petitioner conceded she was deportable and sought suspension of deportation pursuant to 8 U.S.C. § 1254(a)(1).[1] In an oral decision, a transcript of which is attached, the Immigration Judge found that petitioner had been here for 7 years and is a person of good moral character. However, he also found that her deportation would not result in extreme hardship, in part because she still had three brothers and a sister in Poland. The Immigration Judge granted petitioner's request for voluntary departure, stating that if she failed to depart, she would be subject to immediate deportation.

Petitioner appealed. In a decision dated September 9, 1996, the Board of Immigration Appeals dismissed the appeal. The BIA stated:

"In sum, we do not find that the respondent has presented sufficient equities which when considered alone and cumulatively, would establish that she would be subject to extreme hardship upon deportation. While she has presented some sympathetic factors, she has not established that her difficulties upon deportation will exceed those faced by others in the same situation."

The BIA also granted voluntary departure, stating that if petitioner failed to depart, she would be deported in accordance with the Immigration Judge's order. Petitioner did not seek judicial review.

Petitioner failed to depart as required. In September 1997, approximately one year af-ter the BIA made its decision, she married a United States citizen. On December 6, she was arrested by INS agents. Since then, she has been in the custody of the District Director of the Immigration and Naturalization Service in Connecticut. She seeks a stay of deportation and release from INS custody arguing that (1) her previous counsel was ineffective in that he failed to appeal the BIA's decision to the Second Circuit and never applied for asylum; (2) the INS never informed her that she had a right to consult with the Polish consulate; (3) she is entitled to asylum; and (4) deportation would impose extreme hardship on her new spouse.

The defendant contends that the petition should be dismissed for lack of subject matter jurisdiction based on § 306(a) of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), 8 U.S.C. § 1252(g), which states:

Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.[2]

Alternatively, the government argues that the petition fails to allege grounds for relief. Petitioner contends that the court has jurisdiction pursuant to Art. I, § 9, cl. 2 of the Constitution and 28 U.S.C. § 2241.

IIRIRA's impact on the power of the federal courts to adjudicate claims relating to deportation has not been considered by the Second Circuit. Numerous other courts have addressed the issue with differing results. However, the courts of appeals that

---

**1.** At that time, suspension of deportation was available at the discretion of the Attorney General to aliens who had been physically present in the United States for at least seven years, were of good moral character, and could demonstrate that deportation would result in extreme hardship to the alien or alien's spouse, parent or child, provided the family member was a citizen of the United States or an alien lawfully admitted for permanent residence. Under IIRIRA, the prerequisites for cancellation of removal, the present equivalent of suspension of deportation, are that the alien demonstrate ten years of continuous physical presence in the United States, good moral character for that ten year period, including an absence of convictions for certain offenses, and the likelihood that deportation will cause exceptional and extremely unusual hardship to a spouse, parent, or child who is a lawful permanent resident or citizen. 8 U.S.C. 1229b(b)(1).

**2.** Effective April 1, 1997, this section of IIRIRA applies "without limitation to claims arising from all past, pending, or future exclusion, deportation, or removal proceedings . . . [.]" IIRIRA § 306(c)(1), 1996 U.S.C.C.A.N. (110 Stat.) at 3009–612, amending 8 U.S.C. 1252.

have considered the matter appear to agree that IIRIRA deprives district courts of jurisdiction over statutory habeas claims while leaving constitutional habeas intact. *See Auguste v. Attorney General,* 118 F.3d 723, 726 and n. 7 (11th Cir.1997); *Yang v. INS,* 109 F.3d 1185, 1195 (7th Cir.1997); *Ramallo v. Reno,* 114 F.3d 1210, 1214 (D.C.Cir.1997).

 The constitutional writ of habeas corpus extends to a very limited class of cases, and is rarely granted. *See Felker v. Turpin,* 518 U.S. 651, 116 S.Ct. 2333, 2339–40, 135 L.Ed.2d 827 (1996). Petitioner has failed to raise even a colorable claim of a constitutional violation. She was given notice and an opportunity to be heard on the charge that she was deportable because she had stayed longer than permitted. At the hearing, she conceded she was deportable and sought suspension of deportation. The Immigration Judge's opinion shows that he was exceedingly sympathetic to her but could find no extreme hardship warranting suspension of deportation. The BIA agreed. The Immigration Judge's discretionary decision might have been erroneous, but it did not violate due process.

Petitioner's complaint that her previous attorney failed to seek judicial review of the BIA's dismissal of her appeal is unavailing. Petitioner does not identify any error in the BIA's decision. Petitioner's complaint that her previous attorney failed to apply for asylum is also without merit. Petitioner has yet to apply for asylum, or articulate any reason why she might qualify for asylum, and there is no reason to believe she would be subjected to mistreatment in Poland. Petitioner's complaint that the INS never informed her of her right to consult with the Polish consulate also fails for lack of a showing of prejudice. There is no reason to believe such a consultation would have affected the outcome of the deportation hearing or petitioner's ability to avoid deportation now.

Petitioner contends that she is entitled to habeas relief under 28 U.S.C. § 2241. It is unnecessary to decide whether IIRIRA divests courts of statutory habeas jurisdiction—an issue that has divided other district courts [3]—because petitioner has failed to raise a claim that would entitle her to relief under § 2241. The actions of the INS in arresting petitioner, keeping her in custody pending deportation, and attempting to carry out the Immigration Judge's deportation order do not violate any law.

Accordingly, the petition is dismissed. Pursuant to the parties' agreement, petitioner's deportation will be stayed until December 26, 1997, to give her an opportunity to seek a stay from the Second Circuit.

So ordered.

---

**3.** *Compare U.S. ex rel. Morgan v. McElroy,* 981 F.Supp. 873 (S.D.N.Y.1997)(IIRIRA eliminates district court jurisdiction to hear § 2241 petitions); *Ugwoezuono v. Schiltgen,* 1997 WL 102499 (N.D.Cal.1997)(same); *Fedossov v. Perryman,* 969 F.Supp. 26 (N.D.Ill.1997)(same), *with Ozoanya v. Reno,* 968 F.Supp. 1 (D.D.C.1997)(district court retains jurisdiction to hear § 2241 petitions); *Jurado–Gutierrez v. Greene,* 977 F.Supp. 1089 (D.Colo.1997)(same); *Mojica v. Reno,* 970 F.Supp. 130 (E.D.N.Y.)(court retains jurisdiction over § 2241 petitions despite similar jurisdictional provision in Antiterrorism and Effective Death Penalty Act); *Yesil v. Reno,* 958 F.Supp. 828 (S.D.N.Y.1997)(same).