Amanita **SACCOH** and Sulaiman Saccoh,

v.

**IMMIGRATION AND NATURALIZATION SERVICE.**

No. 97–5053.

United States District Court, E.D. Pennsylvania.

Sept. 29, 1998.

---

James J. Orlow, Philadelphia, PA, for Plaintiff.

Madeline Henley, Office of Immigration Litigation, Civil Division, U.S. Dept. of Justice, Washington, DC, Keir N. Dougall, Asst. U.S. Atty., Philadelphia, PA, for Defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiffs Amanita Saccoh and Sulaiman Saccoh seek judicial review of an administrative decision by the District Director of the Immigration and Naturalization Service ("INS"), denying Amanita Saccoh's request for an extension of voluntary departure under 8 C.F.R. § 244.2. Defendant INS has moved to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. For the reasons set forth below, the Court will grant Defendant INS's motion.

Amanita Saccoh is a native and citizen of Sierra Leone who entered the United States on December 30, 1991 as a nonimmigrant visitor, having represented that she would not remain in the United States beyond June 15, 1992. On May 13, 1994 she was placed in deportation proceedings as an overstayed visitor, after her application for asylum from Sierra Leone was denied. On October 7, 1994, an immigration judge awarded Mrs. Saccoh a form of relief known as "voluntary departure," see INA § 244(e); 8 U.S.C. § 1254(e), which permits recipients who leave within the time allowed to escape the stigma of deportation, select their own destination, and avoid the bar to reentry to the United States which is a consequence of compelled deportation. See 8 C.F.R. § 243.5; Strantzalis v. INS, 465 F.2d 1016, 1017 (3rd Cir. 1972). The October 7, 1994 award of voluntary departure required that Mrs. Saccoh voluntarily leave the country by April 7, 1995. A condition of the grant of voluntary departure was that failure to depart by April 7, 1995 would make Mrs. Saccoh automatically subject to a final order of deportation.

On March 18, 1995, Mrs. Saccoh married Sulaiman Saccoh, a naturalized United States citizen. On March 29, 1995, approximately a week before her voluntary departure date, Mrs. Saccoh requested an extension of her voluntary departure date pursuant to the former 8 C.F.R. § 244.2, now 8 C.F.R. § 240.57. Mrs. Saccoh did not depart the country by April 7, 1995. On June 8, 1995, the District Director of the INS denied Mrs. Saccoh's request for an extension of her voluntary departure date, making Mrs. Saccoh's continuing presence in the United States unlawful and rendering her ineligible for adjustment from non-immigrant to immigrant status. Mrs. Saccoh is currently under a final order of deportation and is currently deportable to the United Kingdom. She is currently in temporary protected status as a national of Sierra Leone because of civil unrest in that country, but the Attorney General retains authority to deport Mrs. Saccoh to Sierra Leone when her temporary protected status expires.

Plaintiffs seek review of the District Director's denial of Mrs. Saccoh's request for an extension of her voluntary departure date, contending that the denial was an abuse of discretion. Defendant INS moves the Court to dismiss Plaintiffs' Complaint on the grounds that this Court lacks subject matter jurisdiction.

In order for a Court to decide the merits of a case, the Court must first have jurisdiction to hear it. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3rd Cir.1991). "When subject matter jurisdiction is chal-

lenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Id.* Defendant INS offers three reasons why this Court lacks subject matter jurisdiction over Plaintiffs' case. Defendant INS first contends that both §§ 242(g) and 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii) of the Immigration and Naturalization Act, 8 U.S.C. § 1252(g), strip this Court of jurisdiction to review the Attorney General's decision, through her delegate the District Director, to deny an extension of voluntary departure. The INS also contends that the District Director's decision denying an extension of voluntary departure is unreviewable because there are no meaningful standards against which to judge the District Director's exercise of discretion.

### INA Section 242(g)

Defendant INS contends that this Court lacks jurisdiction to review a decision to deny an extension of voluntary departure due to the recently enacted Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("1996 Immigration Act"). The 1996 Immigration Act repealed the former section of the Immigration and Nationality Act ("INA") which governed judicial review of immigration decisions and replaced it with a new section, 242, 8 U.S.C. § 1252. The amended INA now contains a new provision, section 242(g), which restricts the jurisdiction of certain courts to review particular claims. This provision, entitled "Exclusive Jurisdiction," provides as follows:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

INA § 242(g), 8 U.S.C. § 1252(g).

Section 242, which went into effect on April 1, 1997, is governed by a retroactivity provision in the 1996 Immigration Act so that § 242(g) applies "without limitation to claims arising from all past, pending, or future exclusion, deportation, or removal proceedings under [the INA]." IIRIRA § 306(c)(1); *Au-*

*guste v. Reno,* 152 F.3d 1325, 1998 WL 556263, \*2 (11th Cir.1998)(§ 242(g) applies retroactively); *American–Arab Anti–Discrimination Committee v. Reno,* 119 F.3d 1367, 1371 (9th Cir.1997)(same); *Lalani v. Perryman,* 105 F.3d 334, 336 (7th Cir. 1997)(same); *Ramallo v. Reno,* 114 F.3d 1210, 1213 (D.C.Cir.1997)(same).

Plaintiffs claim that the denial of an extension of voluntary departure is not covered by § 242(g) because the Attorney General did not "commence [a] proceding[ ], adjudicate [a] case[ ], or execute [a] removal order[ ]." On the contrary, the Attorney General, through her delegate the District Director, was adjudicating Mrs. Saccoh's case—that is her request for an extension of voluntary departure—under the INA. It is precisely that adjudication which Plaintiffs now challenge. Likewise, Mrs. Saccoh's claim arises from the Attorney General's decision (through her delegate, the District Director) to execute a removal order, also known as a deportation order, IIRIRA § 309(d)(2). The Attorney General's denial of Mrs. Saccoh's request for an extension of voluntary departure was a decision to execute a deportation order in that the denial made Mrs. Saccoh automatically subject to deportation, notwithstanding the fact that she is currently in temporary protected status due to civil unrest in her country. *Tutu v. Blackman,* 9 F.Supp.2d 534 (E.D.Pa.1998). Mrs. Saccoh's claim clearly arises from the Attorney General's adjudication of Mrs. Saccoh's case, as well as from the Attorney General's decision to voluntary departure and thereby execute a deportation order. Thus, Mrs. Saccoh's claim may not be reviewed by this Court according to INA § 242(g).

This conclusion is supported by the legislative history surrounding the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Congress enacted INA § 242(g) to prevent aliens from making deportation-related claims such as Mrs. Saccoh's—and thus using the courts to unduly delay their deportation—outside the streamlined judicial scheme established by Congress in the INA. *See* H.Rep. No. 104–469(I), 104th Cong., 2d Sess. 359, 463 (1996)(1996 WL 168955); *Tutu v. Blackman,*

9 F.Supp.2d 534, 536 (E.D.Pa.1998); *Mustata v. U.S. Dep't of Justice*, 979 F.Supp. 536, 538 (W.D.Mich.1997); *Fedossov v. Perryman*, 969 F.Supp. 26, 28 (N.D.Ill.1997). Prior to the reforms enacted through the 1996 Immigration Act, aliens with final orders of deportation remained in the United States indefinitely. The 1996 Immigration Act was specifically designed to curb "abuses" of voluntary departure. 62 Federal Register 10312, 10324 (1998); *Tutu v. Blackman*, 9 F.Supp.2d at 535. Thus, the legislative history of the 1996 Immigration Act makes clear that INA § 242(g) was specifically intended to prevent judicial review of claims such as Mrs. Saccoh's.

### INA § 242(a)(2)(B)

Defendant INS also contends that judicial review of Mrs. Saccoh's claim is also precluded by section 242(a)(2)(B)(ii) of the INA, as amended by section 306 of the 1996 Immigration Act. Section 242(a)(2)(B)(ii) provides as follows:

> Notwithstanding any other provision of law, no court shall have jurisdiction to review ... any other decision or action of the Attorney General the authority for which is specified under [Title II of the INA] to be in the discretion of the Attorney General....

There is no question that Title II of the INA specifies that the Attorney General's determination whether to grant or extend voluntary departure is entirely discretionary. *See* 8 U.S.C. § 1254(e)(Title II provision stating that voluntary departure grant is in the discretion of the Attorney General); 8 C.F.R. § 244.2(citing 8 U.S.C. § 1254 as authority for regulation and stating that District Director has "sole jurisdiction" to reinstate or extend voluntary departure); *see also Lalani v. Perryman*, 105 F.3d 334, 337–38 (7th Cir. 1997); *Kaczmarczyk v. INS*, 933 F.2d 588, 597–98 (7th Cir.1991); *Perales v. Casillas*, 903 F.2d 1043 (5th Cir.1990); *Nocon v. INS*, 789 F.2d 1028, 1034 (3rd Cir.1986); *Tutu v. Blackman*, at 536.

Plaintiffs filed this action in September 1997, five months after the 1996 Immigration Act became effective on April 1, 1997. The "Transitional Rules" of the 1996 Immigration Act provide certain exceptions to the application of many of the Act's new rules, as follows:

> Subject to the succeeding provisions of this subsection, in the case of an alien who is in exclusion or deportation proceedings as of the title III–A effective date ... the amendment made by this subtitle shall not apply, and ... the proceedings (including judicial review thereof) shall continue to be conducted without regard to such amendments.

Pub.L. No. 104–208 § 309(c)(1).

■ However, it is clear that these transitional rules do not apply to the instant action because Mrs. Saccoh was not in deportation proceedings as of April 1, 1997, the effective date of the Act. Mrs. Saccoh's deportation proceedings were concluded as of October of 1994 when she was granted voluntary departure, subject to a final order of deportation for failure to voluntarily depart. The proceeding which Mrs. Saccoh currently challenges, her request for an extension of voluntary departure, arose out of her prior deportation proceedings, but the procedure involved in a request for an extension of voluntary departure is separate and distinct and came subsequent to the conclusion of her deportation proceedings. *Tutu v. Blackman*, at 536. Therefore, the 1996 Immigration Act's transitional rules do not apply to the instant action, which was filed after the Act's effective date. Mrs. Saccoh's claims are therefore governed by § 242(a)(2)(B)(ii), pursuant to which this Court lacks jurisdiction to review a discretionary decision, such as an extension of voluntary departure. *Id.*

### Denial of Extension of Voluntary Departure Generally Unreviewable

■ Finally, even if sections 242(g) and 242(a)(2)(B)(ii) were not applicable, this Court still lacks the authority to review the District Director's decision denying Mrs. Saccoh's request for an extension of voluntary departure. The sole authority to grant an extension of voluntary departure rests with the District Director, 8 C.F.R. § 244.2, and neither the regulation in effect at the time of Mrs. Saccoh's request, 8 C.F.R. § 244.2, nor the regulation that would govern

post-April 1, 1997, adjudications, 8 C.F.R. § 240.26(f), provides any criteria for the exercise of discretion, nor imposes requirements on the District Director's exercise of discretion. As the Seventh Circuit noted in *Lalani v. Perryman,* "there is no judicial review of agency action if 'the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" *Lalani,* 105 F.3d at 337 (quoting *Heckler v. Chaney,* 470 U.S. 821, 830, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985)). The regulation at 8 C.F.R. § 244.2 "gives no guidance as to how the district director decides whether to extend voluntary departure, indicating that the decision is unreviewable." *Id.; see also Kaczmarczyk,* 933 F.2d at 598; *Ademi v. INS,* 31 F.3d 517, 521 (7th Cir.1994); *Perales v. Casillas,* 903 F.2d 1043, 1048–50 (5th Cir.1990); *Tutu v. Blackman,* at 537. *But see Castaneda v. INS,* 23 F.3d 1576, 1579 (10th Cir.1994)(noting that some courts have recognized that District Director's refusal to extend voluntary departure is reviewable in District Court pursuant to the general jurisdictional grant set out in 8 U.S.C. § 1329).

■ Plaintiffs object that the District Director's decision was contrary to law because it provided no reasons for the denial. As the Seventh Circuit held in *Lalani,* the Administrative Procedures Act does not require that a reason be given for a denial of an extension of voluntary departure in an immigration proceding. 105 F.3d at 337–38. The regulation governing extensions of voluntary departure, former 8 C.F.R. § 244.2, does not require the District Director to provide an explanation. The District Director's lack of an explanation does not provide this Court with authority to review the denial of an extension of voluntary departure.

Having determined on three separate grounds that this Court lacks the authority to review the District Director's decision to deny Mrs. Saccoh's extension of voluntary departure, the Court will not address the INS's remaining contentions. Likewise, the Court will not address the Plaintiffs' remaining objections, which are without merit.

In conclusion, the Court finds that INA sections 242(g) and 242(a)(2)(B)(ii) strip this Court of jurisdiction to review the decision of the District Director to deny Mrs. Saccoh's request for an extension of voluntary departure. The Court further finds that the District Director's discretionary decision is generally unreviewable. For these reasons, the Court will grant Defendant INS's motion to dismiss Mrs. Saccoh's Complaint for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1). To the extent that Mr. Saccoh has standing in this action, his claim is derivative of Mrs. Saccoh's, and because the Court lacks jurisdiction to review her claim, his claim is also dismissed.