*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 04a0384p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

BASSAM ELIAS MOUSSA,

       *Petitioner-Appellant,*

    *v.*

CAROL JENIFER, District Director, Immigration and
Naturalization Service,

       *Respondent-Appellee.*

No. 03-2292

---

Appeal from the United States District Court
for the Eastern District of Michigan at Flint.
No. 02-40112—Paul V. Gadola, District Judge.

Argued: September 21, 2004

Decided and Filed: November 8, 2004

Before: KEITH, MOORE, and GILMAN, Circuit Judges.

---

## COUNSEL

**ARGUED:** Marshal E. Hyman, MARSHAL E. HYMAN & ASSOCIATES, Troy, Michigan, for Appellant.
Anthony W. Norwood, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.
**ON BRIEF:** Marshal E. Hyman, MARSHAL E. HYMAN & ASSOCIATES, Troy, Michigan, for
Appellant. Terri J. Scadron, Earle B. Wilson, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellee.

---

## OPINION

---

    DAMON J. KEITH, Circuit Judge. Petitioner-Appellant Bassam Elias Moussa appeals the district
court's order dismissing his 28 U.S.C. § 2241 habeas corpus petition for lack of subject matter jurisdiction.
Although habeas jurisdiction exists when a petitioner asserts a colorable statutory or constitutional claim,
we find that no such claim exists in this case. Accordingly, we **AFFIRM** the district court's order.

### I. BACKGROUND

    Petitioner-Appellant Bassam Moussa, a 40-year-old native and citizen of Syria, entered the United
States as a visitor to receive urgent medical attention for a left ventricular dysfunction in his heart on
January 31, 1993. Moussa underwent aortic valve replacement surgery on June 21, 1993, and, after his

visitor visa expired on July 29, 1994, the INS extended the period of Moussa's stay during his recovery, at his doctor's recommendation.[1]

The INS placed Moussa in deportation proceedings on January 4, 1995. On August 1, 1995, approximately two years after his surgery, an Immigration Judge found him to be deportable from the United States and, in lieu of deportation, granted his request to be allowed to voluntarily depart from the United States.

Due to Moussa's medical condition and again at the recommendation of his doctor, the INS later extended his voluntary departure date two more times, finally setting the date at September 30, 1997. Thereafter, Moussa requested further deferred action due to the continued post-operative care that he was receiving, but he claims that he did not receive a response from the INS.

Moussa filed an application for a stay of deportation in the spring of 2002, along with a memorandum from his doctor and several character references to support his request.[2] Moussa's application was denied by the district director of the INS on April 5, 2002, and Moussa was ordered to report to the INS prior to April 22, 2002 with a closed, non-refundable ticket to depart the United States within a week.[3]

Moussa subsequently challenged the decision by filing the instant petition for writ of habeas corpus in the district court. In his habeas petition,[4] Moussa asserted that the district court had jurisdiction to review the INS decision to deny his application under 28 U.S.C. §§ 2241, 2201, 1331 and 1651. In particular, he alleged that the INS's efforts to remove him violate the Immigration and Nationality Act ("INA") and his constitutional rights to procedural and substantive due process, and are thus subsequently reviewable by this court. Petitioner claims that his life will be at risk if he returns to Syria because he will be without necessary medical care.

The United States moved to dismiss the habeas petition for lack of jurisdiction based upon section 242(g) of the INA, codified at 8 U.S.C. § 1252(g) (2003), and section 242(a)(2)(B)(ii) of the INA, codified at 8 U.S.C. § 1252(a)(2)(B)(ii) (2003). Relying on the Supreme Court's decision in *Reno v. American Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999) ("*AADC*"), the district court agreed with the United States and dismissed Moussa's habeas petition for lack of subject matter jurisdiction under 8 U.S.C. § 1252(g). This appeal followed.

---

[1] Approximately four months prior to the expiration of his visitor visa, Moussa married a United States citizen. *Moussa v. Jenifer*, 279 F. Supp. 2d 861, 862 (E.D. Mich. 2003). His spouse then filed a Petition for Alien Relative on his behalf, which was approved by the INS. The couple divorced within a year, and his ex-wife subsequently nullified and withdrew the petition.

[2] In addition to a recommendation from his doctor, the record includes nine letters submitted to the INS on Moussa's behalf, including one from the Mayor of Wyandotte, Michigan and two from religious leaders. The letters attest to Moussa's strong work ethic, integrity, and the various contributions Moussa has made to his community in Michigan as a restaurant owner.

[3] One week after he was ordered to leave the United States, Moussa married Lisa Gallimore, a citizen of the United States. On May 7, 2003, the United States Citizenship and Immigration Service ("CIS") approved the Alien Relative Petition (Form I-130) filed by Lisa Moussa on behalf of her husband, the approval of which accorded Moussa "immediate relative" status. *See* Immigration and Nationality Act ("INA") § 201(b)(2)(A)(I), 8 U.S.C. § 1151(b)(2)(A)(I). Under such an approval, Moussa would typically be eligible for adjustment of status or an immigrant visa. The issuance of the final order of deportation prior to his marriage, however, overrode any of Moussa's privileges as a spouse of a United States citizen. *See Reno v. American-Arab Anti-Discrimination Comm.* 525 U.S. 471, 488, 490 (1999) ("*AADC*") (stating that, as a general matter, an illegal alien cannot postpone deportation by "marriage to an American citizen").

[4] In the petition, Petitioner alleges that the INS efforts to remove him violate the Immigration and Nationality Act ("INA") and his constitutional rights to procedural and substantive due process.

## II. ANALYSIS

### A. Standard of Review

This court reviews a district court's dismissal of a petition for writ of habeas corpus *de novo*. *Rosales-Garcia v. Holland*, 322 F.3d 386, 400-01 (6th Cir. 2003).

### B. Discussion

The district court found that it lacks subject matter jurisdiction over Petitioner's habeas petition pursuant to INA §§ 242(a)(2)(B)(ii) and 242(g), codified at 8 U.S.C. § 1252(a)(2)(B)(ii) and 8 U.S.C. § 1252(g), respectively. Section 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to ... execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).

These provisions were enacted as amendments to the INA in 1996, as part of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). Pub. L. No. 110 Stat. 3009-546 (1996). Moussa contends that because his order of deportation was finalized on April 1, 1995, 8 U.S.C. § 1252(g) does not apply to the case at hand. We disagree.

Most new immigration rules established by the IIRIRA do not apply retroactively to aliens who were already in exclusion or deportation proceedings on the IIRIRA's effective date. IIRIRA § 309(c)(1). The IIRIRA, however, explicitly excepts §1252(g) from that rule: Section 306(c)(1) of the IIRIRA directs that § 1252(g) "shall apply without limitation to claims arising from all past, pending, or future exclusion, deportation, or removal proceedings." § 306(c)(1), 110 Stat. at 3009-612. *Mustata v. United States Dep't of Justice*, 179 F.3d 1017, 1020 (6th Cir. 1999) (finding that §1252(g) applies retroactively, even when the habeas petition was filed prior to the effective date of the IIRIRA). The district court was therefore correct in determining that § 1252(g) is applicable to this case.

A few years after its enactment, the United States Supreme Court narrowly interpreted §1252(g), noting that "[t]here are ... many other decisions or actions that may be part of the deportation process" that are not covered by Section 1252(g). The court found that §1252(g) only bars judicial review of decisions to (1) commence removal proceedings, (2) adjudicate removal proceedings, or (3) execute removal orders. *AADC*, 525 U.S. at 482. We thus turn to examine whether the district court was correct in determining that "the district director's decision to deny Petitioner's request for a stay of deportation was a decision to *execute a removal order*." *Moussa*, 279 F. Supp. 2d. at 864.

Moussa's habeas petition specifically challenges the Attorney General's refusal, via his designated district director, to grant Moussa a stay of deportation. This refusal is a decision that is wholly within the discretion of the Attorney General under the applicable regulation, which provides that the "district director, in his or her discretion and in consideration of factors listed in 8 CFR 212.5 and section 241(c) of the [IIRIRA], may grant a stay of removal or deportation for such time and under such conditions as he or she may deem appropriate." 8 C.F.R. §241.6(a).

Other courts, we note, have made a persuasive argument that such a discretionary decision is directly part of a decision to execute a removal order. *See, e.g.*, *Sharif v. Ashcroft*, 280 F.3d 786, 787 (7th Cir. 2002) ("A request for a stay of removal arises from the Attorney General's decision to execute a removal order."); *Saccoh v. INS*, 24 F. Supp. 2d 406, 408 (E.D. Pa. 1998) (referring to the denial of a request for an extension

of voluntary departure as a decision to execute a deportation order "in that the denial made [Petitioner] automatically subject to deportation").[5]

Petitioner rightly argues that there are instances where §1252(g) does not suspend habeas review, such as in challenges to INS authority to indefinitely detain a non-citizen following the execution of a removal order. *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner fails to present any argument, however, that would indicate that a refusal to *issue* a stay of deportation is separate from a decision to *execute* a deportation order. Indeed, we agree with the reasoning of the Seventh Circuit that a denial of a stay of deportation is a component of the decision to execute a deportation order. We therefore find that by challenging the decision to deny a request for a stay, Moussa is seeking to enjoin the Attorney General from executing a valid order of deportation. The district director's decision is therefore protected from subsequent judicial review under §1252(g).

The third and final part to our inquiry is whether Moussa has asserted a colorable statutory or constitutional claim. A meritorious claim of this sort would grant us jurisdiction to review the INS determination, as judicial review of final orders of removal is available where the review is limited to pure questions of law and does not touch upon decisions that are under the discretion of the Attorney General. *INS v. St. Cyr*, 533 U.S. 289 (2001) (finding that habeas jurisdiction exists under §2241 when a petitioner asserts a colorable statutory or constitutional claim). *See also  Rosales-Garcia v. Holland*, 322 F.3d 386, 394 (6th Cir. 2003) (finding that habeas corpus jurisdiction is proper in district courts to entertain an alien's claim that his post-order detention constitutes a statutory or constitutional violation).

We agree with the district court's determination that both the statutory and constitutional claims are too vague and conclusory to comprise true challenges to any legal determinations made by the INS. Moussa's petition contains two allegations based on questions of law. We find that both are without merit. The first is a general allegation that the actions of the INS "are in violation of applicable law, applicable regulations, applicable precedent, and contrary to established INS practices." Pet. ¶ 35. No specific provisions of the INA, or any other applicable statutes, are mentioned; Moussa merely issues a broad accusation that the INS violated the law. His second legal claim asserts that the INS violated "Moussa's rights to procedural and substantive due process as guaranteed by the United States Constitution," and did not afford him a "full and fair adjudication of his application for a stay of deportation." *Id*. ¶ 40-41. Moussa's petition does not explain the substantive due process right that is endangered by the INS order. He also does not indicate any statutory or other legal basis for the proposition that he has a due process right to medical care in the United States.

We therefore find that Moussa's habeas petition ultimately requests that we review a determination to execute an order of removal. Unless there is a statutory or constitutional basis for an objection, such a determination falls strictly to the unreviewable discretion of the Attorney General.

### III. CONCLUSION

In the record before us, it is clear that Moussa's time in the United States has been marked by significant contributions to his family and to his community. Further, this court does not question the fundamental protection provided by the writ of habeas corpus and its role in safeguarding an individual's freedom against lawless or arbitrary state action. We strongly agree with the Supreme Court's finding that "there is no higher duty of a court ... than the careful processing and adjudication of petitions for writs of habeas corpus." *Harris v. Nelson*, 394 U.S. 286, 292 (1969).

---

[5] We emphasize here that Moussa is not asking us to review, nor are we reviewing, the INS's determination that Moussa should be deported from the United States. Before us now is only the question of whether this court has jurisdiction to review a decision to *stay* a deportation order that was already entered and appears from the record to be undisputed.

But the district director's decision was neither lawless nor arbitrary. It is thus unreviewable by this court, regardless of whether we agree with the INS decision to deport Moussa. The judgment of the district court is therefore **AFFIRMED**.