**Bharat BHATT, Plaintiff–Appellant,**

v.

**Janet RENO, et al., Defendants–
Appellees.**

No. 99–1232.

United States Court of Appeals,
Seventh Circuit.

Argued July 7, 1999.

Decided Oct. 19, 1999.

Published Opinion Jan. 31, 2000*.

---

* This case originally was decided by unpublished order under Circuit Rule 53. The defendants-appellees subsequently filed a motion requesting that the order be issued as a published opinion, which motion was granted.

Harold D. Block (argued), Godfrey Y. Muwonge, Milwaukee, WI, for Plaintiff–Appellant.

Timothy McIlmail (argued), Department of Justice, Civil Division, Immigration Litigation, Washington, DC, for Defendants–Appellees.

Before ESCHBACH, RIPPLE and KANNE, Circuit Judges.

PER CURIAM.

In August 1998, Bharat Bhatt, a Hindu Indian national and non-criminal alien resident in Racine, Wisconsin, received a final order of deportation from the Immigration and Naturalization Service ("INS"). He then filed requests with the district court for both a writ of habeas corpus and a temporary restraining order to stay his deportation because his motion to reopen and reconsider his case is still pending before the Board of Immigration Appeals ("BIA"). The district court dismissed both requests for lack of subject matter jurisdiction because it found that judicial review of such claims was barred pursuant to 8 U.S.C. § 1252(g).[1] On appeal, Bhatt challenges the dismissal, arguing that federal courts retain their jurisdiction over his claims, especially when habeas corpus review is implicated. We affirm.

## Background

In January 1994, Bhatt was detained by the INS when he attempted to illegally enter the United States. After the INS issued him an Order to Show Cause, Bhatt admitted the allegations in it and conceded deportability. In January 1995, Bhatt filed an administrative application for asylum with the INS; he alleged that he was a victim of religious persecution on the basis of his aid to Moslems during the 1992–93 riots in India. A deportation hearing was held, and in July 1995, an Immigration Judge denied Bhatt's request for asylum and withholding of deportation. In June 1998, the BIA dismissed Bhatt's appeal. This court denied Bhatt's request for a stay pending our review of his appeal of the BIA's decision. Later, we denied Bhatt's petition for review and affirmed the BIA's decision. *See Bhatt v. Reno,* 172 F.3d 978 (7th Cir.1999).

The INS then issued an order informing Bhatt that he was scheduled to be deported on July 14, 1998; this date then was rescheduled to August 4,1998. On August 4, 1998, Bhatt sought relief from deportation with both the BIA and the district court. With the BIA, he filed a motion to reopen and reconsider his case. With the district court, he filed a petition for a writ of habeas corpus and a request for a temporary restraining order.

The district court concluded that it lacked subject matter jurisdiction and dismissed both of his requests. In reaching its decision, the court relied primarily on the language in § 1252(g) and on this court's decision in *Yang v. INS,* 109 F.3d 1185 (7th Cir.1997).[2] In addition, the district court noted that this court in *Yang* found that the possibility of habeas review under the Suspension Clause, U.S. Const. art. 1, § 9, cl. 2, was foreclosed because such review did not extend to "discretionary decisions by the political branches of government." District Court Order of October 20, 1998 (quoting *Yang,* 109 F.3d at 1195).

## Analysis

On appeal, Bhatt confines his arguments to the sole issue of whether the federal courts have jurisdiction to address a deportee's habeas claims after the INS has issued him a final order of removal.

---

1. This section is a codification of § 306(f)(1)(g) of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") and of § 242(g) of the Immigration and Nationality Act ("INA").

2. In *Yang,* this court held that § 242(g) of the INA divested the district court of jurisdiction to hear habeas requests from deportees arising from final orders of removal.

He challenges as faulty the district court's dismissal for lack of jurisdiction because the court relied on *Yang* in order to conclude that the recently-amended § 1252(g) deprived district courts of jurisdiction over a challenge to a final removal order. Bhatt contends that this court has distanced itself from encouraging such a conclusion when it decided *LaGuerre v. Reno*, 164 F.3d 1035 (7th Cir.1998).[3] He argues that the *LaGuerre* decision authorizes judicial review of final removal decisions such as his. He contends further that given the historic importance of the writ of habeas corpus in this country, § 1252(g) should not be construed to deprive federal courts of their habeas jurisdiction over non-criminal deportees. We review de novo a dismissal for lack of subject matter jurisdiction. *See United States v. Bank of Farmington*, 166 F.3d 853, 859 (7th Cir. 1999).

Judicial review of deportation orders was "greatly curtailed" when Congress amended the Immigration and Nationality Act ("INA") in 1996. *See Singh v. Reno*, 182 F.3d 504, 507 (7th Cir.1999). Section 1252(g) of Title 8 of the United States Code states in relevant part that federal courts lack jurisdiction to review three specific final decisions of the Attorney General in immigration proceedings:

> Except as provided in this section, and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Bhatt first argues that § 1252(g) does not repeal habeas jurisdiction of the federal courts over deportees. He contends that federal habeas jurisdiction over immigration decisions has always resided in the federal courts, and therefore such a repeal would give too much power to Congress. Next, Bhatt argues that it is "unsound, as a matter of statutory construction" to assume that jurisdiction under 28 U.S.C. § 2241 was repealed when the statutory language of § 1252(g) does not explicitly repeal anything.

Bhatt does not dispute that § 1252(g) applies to him. In his current status as an illegal alien, he sought district court review of his habeas and temporary restraining order requests that "arise[ ] from the decision and action ... by the Attorney General ... to execute removal orders" against him. *See* 8 U.S.C. § 1252(g). Further, although *LaGuerre* and *Yang*, as Bhatt correctly notes, involved deportees who were aliens convicted of crimes in the United States, we have recently held that§ 1252(g) applies to "criminal and non-criminal deportees alike." *Singh*, 182 F.3d at 508. Moreover, we have consistently decided that Congress's 1996 amendments to the INA, and specifically § 1252(g), foreclose virtually all judicial review of deportation, including habeas review, in cases to which it applies. *See Singh*, 182 F.3d at 508–09; *Parra v. Perryman*, 172 F.3d 954, 956–57 (7th Cir.1999); *Yang*, 109 F.3d 1185, 1195–96. *See also LaGuerre*, 164 F.3d at 1040 (discussing 1996 amendments and preclusion of most habeas review).

■ Nonetheless, we allow exceptions from § 1252(g)-types of foreclosure of judicial review in the rare cases which present "substantial constitutional issues," *Singh*, 182 F.3d at 507, 509–10, or "bizarre miscarriages of justice," *LaGuerre*, 164 F.3d at 1040—issues over which the administra-

---

**3.** In *LaGuerre*, this court addressed challenges to the bar on judicial review, found in Section 440(a) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), over criminal aliens' claims arising from final orders of deportation. We reasoned that although habeas review under 28 U.S.C. § 2241 was not explicitly repealed by the statute, the interpretation of the statute to repeal such review was not constitutionally problematic, especially in cases analogous to Bhatt's, where the deportee does not challenge the INS's jurisdiction over him. *See LaGuerre*, 164 F.3d at 1038.

tive agencies lack jurisdiction to decide. For these issues, deportees can seek the safety valve of direct review in the court of appeals for judicial correction of these problems. *See Singh*, 182 F.3d at 509–11; *LaGuerre*, 164 F.3d at 1040. In *La-Guerre*, we suggested that such review would be warranted in a case where the BIA ordered that an alien be removed on the basis of a criminal conviction that it knew had been vacated, but the BIA disregarded the alien's changed criminal status because the alien was of a particular race. 164 F.3d at 1040. In *Singh*, we found such review warranted over a criminal deportee's claims that his due process rights were violated because the INS's four-year delay in recalendaring a hearing resulted in his ability to apply for a discretionary waiver from removal becoming foreclosed by the 1996 changes to the INA. *See Singh*, 182 F.3d at 510–11.

Though Bhatt argues that this court's decision in *LaGuerre* left leeway for judicial review in situations such as his, his case is not one of the rare exceptions qualifying for the safety valve of judicial review. He does not articulate what matter of constitutional significance his case presents or what information in the record he relies upon to suggest a violation of his constitutional rights. In choosing to argue only the issue of federal court jurisdiction over his claims, he has not identified how his situation amounts to a constitutional violation or a miscarriage of justice. *See Singh*, 182 F.3d at 510–11. In his brief, he merely asserts that a bizarre miscarriage of justice would occur if he were deported to India to face a "serious threat" of persecution before his pending appeals and motions were reviewed and decided. Further, Bhatt already has had ample opportunity for the federal courts to hear, consider, and address his challenges to his removal. Bhatt's current request for relief from removal, in effect, has previously been twice reviewed and denied by this court—this court has already denied his motion for a stay of deportation and his petition for review of the BIA's decision.

Next, Bhatt contends that Supreme Court precedent "instructs a reading" of § 1252(g) that "precludes" the finding that § 1252(g) repeals the district court's jurisdiction to consider petitions filed pursuant to 28 U.S.C. § 2241. As a result, he argues, the Supreme Court's most recent decision regarding § 1252(g), *Reno v. American–Arab Anti-Discrimination Committee*, 525 U.S. 471, 119 S.Ct. 936, 943–45, 142 L.Ed.2d 940 (1999) ("AADC"), does not apply to his case. In his view, AADC applies to limit litigation where there are disputes over the Attorney General's decision to initiate or to defer particular non-final immigration actions. Moreover, he argues, AADC does so only in the specific context of a class of aliens claiming First Amendment violations.

Bhatt misunderstands AADC's holding. In AADC, the Supreme Court held that § 1252(g) deprived federal courts of jurisdiction to review the aliens' claims that the INS had selectively initiated deportation proceedings against them for exercising their First Amendment rights to express controversial political views. The Court determined that these aliens' claims arose from the Attorney General's final, yet discretionary, decision to commence proceedings, and thus § 1252(g) barred judicial review. The Court narrowly and literally interpreted § 1252(g)'s bar on judicial review to apply only to claims arising from three final and discretionary actions taken by the Attorney General in immigration cases—her decision or action to: 1) commence proceedings; 2) adjudicate cases; or 3) execute removal orders. *Id.* The Court found that Congress in seeking to streamline removal proceedings, intended the section to be "specifically directed at the deconstruction, fragmentation, and hence prolongation of removal proceedings." *Id.* at 945. The Court also observed that the lessened capacity for judicial review of deportees' claims is appropriate because their removal "is necessary

in order to bring to an end an ongoing violation of United States law." *Id.* at 947.

■ On the basis of the foregoing, the district court properly determined that Bhatt was an alien subject to a final order of removal. "When judicial review depends on a particular fact or legal conclusion, then a court may determine whether that condition exists." *Yang,* 109 F.3d at 1192. Beyond that determination, the district court lacked jurisdiction to exercise any further review of Bhatt's requests because those requests arose from the Attorney General's discretionary decision to execute Bhatt's removal order—and, § 1252(g) bars federal courts from reviewing such requests. Accordingly, the judgment of the district court is

AFFIRMED.