In the
United States Court of Appeals
For the Seventh Circuit

No. 01-2871

Jadwiga Chapinski, Elzbieta Lichosyt, and
Malgorzata Czajkowska-kras, individually
and on behalf of all others similarly
situated,

Plaintiffs-Appellants,

v.

James Ziglar, Commissioner of the United
States Immigration and Naturalization
Service; John D. Ashcroft, Attorney General of the
United States; and Brian Perryman, District
Director of the Chicago District Office
of Immigration and Naturalization Service,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 4395--Charles R. Norgle, Sr., Judge.

Argued November 27, 2001--Decided January 28, 2002

   Before Bauer, Harlington Wood, Jr. and
Manion, Circuit Judges.

   Bauer, Circuit Judge.  Appellants filed
a petition for writ of mandamus, asking
the district court to order the Attorney
General and the Immigration and
Naturalization Service (INS) to
adjudicate their applications for
permanent resident status. The district
court dismissed the petition for lack of
subject matter jurisdiction pursuant to
the Immigration and Nationality Act,
which precludes jurisdiction in certain
matters involving the discretion of the
United States Attorney General. Because
we agree that jurisdiction over this
matter rests exclusively with the
Attorney General, we affirm the decision
of the district court.

I.  BACKGROUND

   Section 203 of the Nicaraguan Adjustment
and Central American Relief Act of 1997
(NACARA) allows nationals from Guatemala,
El Salvador and former Soviet bloc

countries to apply for discretionary relief from deportation under more relaxed terms than is otherwise required under immigration laws. The benefits provided under NACARA extend to spouses and children of qualifying individuals as well.

Appellants are nationals of former Soviet bloc countries and seek to obtain lawful permanent resident status. Appellants themselves are not eligible as principal applicants for permanent resident status; their eligibility derives from their spouses, who have been granted suspension of deportation and lawful resident status in immigration proceedings under NACARA. The INS declined to consider Appellants' applications because it lacked jurisdiction. Under the applicable regulations, since Appellants' respective spouses were granted suspension of deportation by the Immigration Court in deportation proceedings, only the Immigration Court, and not the INS, has jurisdiction to adjudicate Appellants' applications.

Appellants filed a class action suit under the Declaratory Judgment Act and the Administrative Procedure Act. Appellants' complaint sought mandamus, declaratory and injunctive relief to compel the Attorney General and the INS to accept and process their applications under NACARA to obtain lawful permanent resident status. The district court dismissed the action for lack of subject matter jurisdiction because section 1252(g) of the Immigration and Nationality Act precludes judicial review of the Attorney General's discretion to commence removal proceedings in order to process the applications. Appellants now appeal that judgment.

II.  DISCUSSION
The sole issue in this appeal is whether the district court erred in dismissing Appellants' complaint. We review the district court's dismissal of a complaint for lack of subject matter jurisdiction de novo. Bhatt v. Reno, et al., 204 F.3d 744, 746 (7th Cir. 1999).

Under the applicable statutory and regulatory framework, the INS can only determine whether an applicant is eligible for the discretionary grant of

suspension of deportation or cancellation of removal in deportation or removal proceedings. 8 C.F.R. sec. 240.62(b) (2001). The Immigration and Nationality Act grants the Attorney General exclusive jurisdiction over any decision to commence removal proceedings and expressly precludes federal court jurisdiction over any action implicating a decision of the Attorney General regarding commencement of removal proceedings. Section 1252(g) of this act reads:

Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. sec. 1252(g). In Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471 (1999) ("AADC"), the United States Supreme Court emphasized that Congress clearly intended to bar judicial review of a decision to commence removal proceedings, stating that the purpose of section 1252(g) is to "give some measure of protection . . . to discretionary determinations" of the Attorney General, and to prevent "separate rounds of judicial intervention outside the streamlined process that Congress has designed." Id. at 485. If judicial review of a decision to commence proceedings is barred, it follows that section 1252(g) also precludes judicial review of the Attorney General's decision not to commence removal proceedings. Alvides-Reyes v. Reno, 180 F.3d 199, 205 (5th Cir. 1999).

Appellants insist that the federal court retains jurisdiction over their complaint because they are not explicitly asking the court to order the Attorney General to initiate proceedings against them; they simply want their applications processed. Appellants' request, however, necessarily compels the Attorney General to commence proceedings in order to consider their applications. Appellants' suit calls on us to reverse the Attorney General's exercise of his discretion not to commence proceedings against Appellants and not to process their

applications. Id. The Supreme Court has stated that the intent of Congress in enacting section 1252(g) was to limit any judicial influence on the Attorney General's decisions regarding the commencement of removal proceedings. AADC, 525 U.S. at 485. Appellants can have their applications for lawful resident status adjudicated when and if removal proceedings are instituted against them by the Immigration Court. Before such proceedings are initiated, however, this matter falls squarely within those discretionary actions excluded from judicial review under section 1252(g). Any other result undermines the clear intent of Congress to protect the Attorney General's discretion over this matter from judicial interference.

Appellants claim that if the INS cannot promptly adjudicate their applications and change their status without removal proceedings, they are left without a remedy and, in effect, in "no man's land" until the INS or the Immigration Court decides to act. However, in the absence of a due process violation, the district court is only justified to intervene in an administrative process because of delays in hearings and review in extraordinary circumstances. Wright v. Califano, 587 F.2d 345, 352 (7th Cir. 1978). Appellants' request for relief effectively amounts to judicial interference with the INS's management and administration of NACARA's amnesty program. This interference is unwarranted and expressly barred by the clear mandates of section 1252(g). An exception to this statutory preclusion is permitted only in rare cases that present substantial constitutional issues or bizarre miscarriages of justice. Bhatt, 204 F.3d at 747. Such is not the case here. Appellants are in no imminent danger of deportation from the United States or separation from their families. As we have previously stated, "since administrative efficiency is not a subject particularly suited for judicial evaluation, the courts should be reluctant to intervene in the administrative adjudication process, absent clear congressional guidelines or a threat to a constitutional interest." Wright, 587 F.2d at 353-54. The Attorney General and the INS have exclusive discretion over Appellants' applications.

Under the circumstances of the instant case, we are without jurisdiction to intervene.

III.  CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court dismissing Appellants' complaint for lack of subject matter jurisdiction.