In the
United States Court of Appeals
For the Seventh Circuit

No. 01-2870

Umme S. Sharif and Umme N. Sharif, by their
guardian Muhammad Sharif,

Petitioners-Appellants,

v.

John D. Ashcroft, Attorney General of the
United States, et al.,

Respondents-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 7098--Charles P. Kocoras, Judge.

Argued January 9, 2002--Decided February 11, 2002

  Before Flaum, Chief Judge, and Harlington
Wood, Jr., and Easterbrook, Circuit Judges.

  Easterbrook, Circuit Judge.  Twin sisters
Umme N. Sharif and Umme S. Sharif were
ordered removed to Pakistan when they
failed to appear for hearings. The
Sharifs did not seek judicial review in
the court of appeals under 8 U.S.C.
sec.1252(a). A bag-and-baggage letter was
issued and ignored. Later the sisters
asked the district court to issue a writ
of habeas corpus that would stop the INS
from implementing the removal orders. The
district court held that it lacked
jurisdiction. 2001 U.S. Dist. Lexis 8475
(N.D. Ill. June 13, 2001). It was right.

  INS v. St. Cyr, 121 S. Ct. 2271 (2001),
holds that recent amendments to the
Immigration and Nationality Act do not
foreclose all use by aliens of 28 U.S.C.
sec.2241, the general habeas corpus
statute. But St. Cyr does not disturb the
holding of Reno v. American-Arab Anti-
Discrimination Committee, 525 U.S. 471
(1999), that 8 U.S.C. sec.1252(g) blocks
review in the district court of
particular kinds of administrative
decisions. Section 1252(g) reads:

Except as provided in this section and
notwithstanding any other provision of
law, no court shall have jurisdiction to

hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

American-Arab Anti-Discrimination Committee held that the three categories of actions mentioned in this statute-- decisions to "commence proceedings, adjudicate cases, or execute removal orders"--must not be expanded by the judiciary, but that within its scope the statute is conclusive. The "[e]xcept as otherwise provided" clause that opens sec.1252(g) allows review of removal orders in the courts of appeals, see sec.1252(a)(1), but review by district courts is not "otherwise provided in this section" and therefore is blocked. See Chapinski v. Ziglar, No. 01-2871 (7th Cir. Jan. 28, 2002); Bhatt v. Reno, 204 F.3d 744 (7th Cir. 1999).

According to the Sharifs, they do not want the district judge to review a decision by the Attorney General to execute the removal orders. Instead they just want the judge to "stay" execution of those orders while they seek additional administrative review, or apply for relief under the recently enacted Legal Immigration Family Equity Act, Pub. L. 106-553, 114 Stat. 2762 (2000). But sec.1252(g) does not differentiate among kinds of relief. It names three administrative actions-- decisions to "commence proceedings, adjudicate cases, or execute removal orders"--and interdicts all judicial review "arising from" those actions, unless some other part of sec.1252 allows review. A request for a stay of removal "arises from" the Attorney General's decision (reflected by the bag-and-baggage letter) to execute a removal order. This is so whether the Sharifs seek a stay of removal pending administrative reconsideration (they have sought reopening) or pending a decision under the new legislation (their father Muhammad Sharif has sought relief under sec.1104 of Pub. L. 106-553, and, if his request is granted, the twins may become entitled to benefits under sec.1504 of that Act). Muhammad Sharif's application under Pub. L. 106-553 also is a demand to adjudicate a claim, and as we held in Chapinski with respect to another statute

authorizing relief for some removable aliens (the Nicaraguan Adjustment and Central American Relief Act of 1997), a district court lacks jurisdiction to compel the Attorney General to initiate or resolve proceedings that would lead to relief from removal.

For what it may be worth, we add that it is hard to see why the Sharifs think that this suit could do them any good. The underlying problem is that they did not receive notice of the time and place of their removal hearings, because they and their father failed to keep the INS apprised of their current address. The agency sent critical mailings to their former address in Chicago. The Postal Service forwarded some but not all of this mail to the Sharifs' current home in Bensenville (for example, one bag-and-baggage letter arrived, but the other twin's letter did not). If the address problem is the fault of the twins or their father, then there is no constitutional problem with the agency's procedures and no basis for judicial relief, either by petition for review in this court (the proper route) or a writ of habeas corpus. See Dusenbery v. United States, 122 S. Ct. 694 (2002) (notice by mail to a person's last known address affords due process of law). If the address problem is the agency's fault, or if perhaps the Sharifs' fault should be excused, then the right remedy is administrative rather than judicial--and the Sharifs have set that process in motion. They asked the immigration judge to reopen the order of removal, and when that motion was denied they appealed to the Board of Immigration Appeals. While that administrative appeal is pending, a stay of removal is automatic. See 8 C.F.R. sec.3.23(b)(4)(iii)(c). The BIA's decision will be reviewable in this court. Because the INS now knows the Sharifs' current address, they should not encounter difficulty in filing a timely petition to review any adverse decision. There is nothing a district court should or could do in the interim, even if it had jurisdiction, which it does not.

Affirmed