# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-3234

_____

Alex Bini,                                          *
                                                    *
            Appellant,                              *
                                                    *   Appeal from the United States
      v.                                            *   District Court for the District
                                                    *   of Minnesota.
Curtis Aljets, District Director                    *
Immigration and Naturalization (INS),               *          [UNPUBLISHED]
                                                    *
            Appellee.                               *

_____

Submitted:  April 5, 2002

Filed:  April 11, 2002

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

      Nigerian citizen Alex Bini appeals the district court's[1] denial of his pro se
28 U.S.C. § 2241 petition.  We affirm.

_____

      [1]The Honorable Richard H. Kyle, United States District Judge for the District
of Minnesota, adopting the report and recommendations of the Honorable E. S.
Swearingen, United States Magistrate Judge for the District of Minnesota.

In 1999, the Immigration Judge (IJ) found Mr. Bini removable (1) for overstaying the brief period of permission to be in the United States he had received in 1984, in violation of the Immigration and Naturalization Act (INA) § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B); and (2) for having committed "two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct," in violation of INA § 237(a)(2)(A)(ii), 8 U.S.C. §1227 (a)(2)(A)(ii). The IJ denied Mr. Bini's withholding-of-removal application and denied voluntary departure. The Board of Immigration Appeals (BIA) affirmed the IJ's decision and dismissed the appeal in February 2000.

Mr. Bini did not directly appeal to this court following the BIA's adverse ruling. Instead, two months later he filed in the district court a complicated habeas petition and supporting brief, stating he clearly established a probability of torture and persecution if returned to Nigeria and "has" requested reopening of his proceedings to apply for Convention relief. The district court denied Mr. Bini's petition but granted his request for a stay pending appeal.

On appeal, in addition to attacking the BIA decision, Mr. Bini appears to argue that the district court erred in upholding his continuing detention under 8 U.S.C. § 1231(a)(6), that the court erred in its determination that he was ineligible for relief under INA § 212(c), 8 U.S.C. § 1182(c) (repealed in 1996), and that this court should "grant the motion [to reopen]."

We conclude the district court correctly determined it lacked jurisdiction to entertain Mr. Bini's challenges to the BIA's decision in a habeas proceeding: Such challenges must be raised in a petition for review of the BIA's decision. See 8 U.S.C. § 1252(b)(1), (2), (9) (petition for review, filed within 30 days of final removal order, shall be filed with appeals court; judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from action taken or proceeding brought to remove alien "shall be available

only in judicial review of a final order under this section"); <u>Foti v. INS</u>, 375 U.S. 217, 224 (1963) (Congress's "fundamental purpose" behind review provision vesting exclusive review in appellate courts was to abbreviate judicial-review process in order to frustrate practices whereby persons subject to deportation were forestalling departure by dilatory tactics in courts).

The district court, which did have jurisdiction over Mr. Bini's challenge to his continuing detention, <u>see</u> 28 U.S.C. § 2241(c)(3) (granting courts authority to determine whether detention is in violation of laws of United States), correctly upheld the detention because when the habeas petition was filed, the Immigration and Naturalization Service (INS) had not detained him beyond the initial ninety-day removal period prescribed by 8 U.S.C. § 1231(a)(1)(A), and the INS has discretion to extend Mr. Bini's detention because he is removable for moral-turpitude crimes, <u>see</u> 8 U.S.C. § 1231(a)(6) (alien who is removable under § 1227(a)(2) or who Attorney General determines to be risk to community or unlikely to comply with removal order may be detained beyond removal period). Further, the removal period has been extended by Mr. Bini's obtaining a stay. <u>See</u> 8 U.S.C. § 1231(a)(1)(C) (removal period shall be extended beyond period of 90 days and alien may remain in detention during such extended period if alien acts to prevent removal).

Additionally, the district court properly rejected Mr. Bini's argument concerning section 1182(c) relief, because that section had been repealed, pertained to lawfully admitted permanent-resident aliens--not to overstays, and afforded no basis for habeas relief. Finally, Mr. Bini's request for us to "grant the motion [to reopen]" is misplaced. <u>See</u> 8 C.F.R. § 3.2(g)(2)(i) (2001) (motion to reopen "shall be filed directly with the Board").

Accordingly, we affirm the district court's decision.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.