**Phairoj KITPHOTHIYAN, Petitioner–Appellant,**

v.

**John D. ASHCROFT, U.S. Attorney General, and Brian R. Perryman, Director of the Chicago Immigration and Naturalization Service District, Respondents–Appellees.**

No. 02–3288.

United States Court of Appeals, Seventh Circuit.

Argued May 21, 2003.

Decided Aug. 12, 2003.

---

Before FLAUM, Chief Judge,
POSNER, and MANION, Circuit Judges.

ORDER

Phairoj Kitphothiyan seeks review of an order dismissing for lack of jurisdiction his petitions for the writ of habeas corpus and the writ of mandamus. We affirm the order of the district court.

I.

Phairoj Kitphothiyan is a native and citizen of Thailand who came to this country on April 1, 1992, as a non-immigrant visitor. He then applied for asylum, which was denied. On November 12, 1993, an immigration judge ordered Kitphothiyan deported from the United States and back to his home in Thailand. Kitphothiyan failed to appeal the immigration judge's decision and on April 28, 1994, the Immigration and Naturalization Service ("INS") issued an *in absentia* warrant of deportation for Kitphothiyan.

In 1994, Kitphothiyan moved to Wisconsin where, one year later, he married Sunanta Sessions, a United States citizen. In 1996, a defective application for an immediate relative visa on behalf of Kitphothiyan was mailed to the INS's Milwaukee office. Kitphothiyan simultaneously filed a defective application to adjust his status to permanent resident with the INS. In neither application did he reveal his previous warrant of deportation. He also failed to

provide his correct alienage number and the relative visa application was incorrectly signed.

Despite his illegal status, Kitphothiyan managed to evade the authorities until June 2002, when he was taken into custody pursuant to the warrant of deportation. He is currently being detained pending the execution of the 1993 final order of deportation.

On June 31, 2002, Kitphothiyan filed petitions for the writs of habeas corpus and mandamus with the United States District Court for the Western District of Wisconsin, seeking to overturn his deportation order and compel the processing of his wife's relative visa application filed on his behalf. The district court found that it did not possess jurisdiction to adjudicate either of Kitphothiyan's disputes. First, relying on *Sharif ex. rel. Sharif v. Ashcroft*, 280 F.3d 786, 787 (7th Cir.2002), the district court held that it lacked jurisdiction under INA § 242(g), 8 U.S.C. § 1252(g), to address Kitphothiyan's request to prevent his deportation from the United States. In addition, citing our decision in *Chapinski v. Ziglar*, 278 F.3d 718, 719–20 (7th Cir.2002), it held that it lacked jurisdiction under INA § 242(g) to compel the Attorney General to adjudicate Kitphothiyan's wife's immigration petition for an immediate relative visa in order to provide him with relief from deportation. Kitphothiyan appeals and we affirm.[1]

### III.

Kitphothiyan argues that the district court erred in dismissing both petitions for writs of habeas corpus and mandamus for lack of subject matter jurisdiction under Section 242(g) of the Immigration and Nationality Act ("INA" or "Act"), 8 U.S.C. § 1252(g) (2000). He maintains that the district court does have jurisdiction to entertain a petition for habeas corpus challenging an *in absentia* order for deportation when exceptional circumstances prevented him from contesting the order. He also maintains that the district court is not divested of its jurisdiction to issue an order of mandamus when he has been denied due process. This court reviews *de novo* a district court's order dismissing a petition for writ of habeas corpus or mandamus for lack of subject matter jurisdiction. *Chapinski*, 278 F.3d at 720.

◼ We begin our analysis by examining Kitphothiyan's petition for a writ of habeas corpus. Kitphothiyan seeks a stay of execution of a deportation order in order to remain in the country while he pursues relief from deportation through his wife's petition for a relative visa. Kitphothiyan argues that the district court erred as a matter of law when it held that it lacked subject matter jurisdiction over his petition. He challenges the validity of the *in absentia* order on the basis that he failed to appear for the November 12, 1993 hearing from which the *in absentia* order arises, and then failed to appeal that order, due to exceptional circumstances. The exceptional circumstance, he claims, was the fraudulent legal advice of his former attorney, Valeria Angeles–Valerio. Allegedly,

---

1. During the pendency of this appeal, counsel for Kitphothiyan informed us that he believed the Bureau of Immigration and Customs Enforcement was continuing with removal proceedings against Kitphothiyan. Based on that belief he submitted a motion for an emergency. removal, which was denied in our order of July 1, 2003. Kitphothiyan's removal from

the United States would moot his habeas claim on appeal because he would no longer be in custody. *See Samirah v. O'Connell*, 335 F.3d 545, 548 (7th Cir.2003). However, we need not investigate this issue further as we find that the district court lacked jurisdiction to entertain his claim on other grounds.

Angeles–Valerio advised Kitphothiyan that he was to *do nothing after receipt of the order of deportation.*

Section 242(g) of the INA, 8 U.S.C. § 1252(g), provides that, outside of the procedures for judicial review in the Act, "... no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases or execute removal orders against any alien under this chapter." This section of the Code was recently examined by this court in *Sharif,* 280 F.3d at 787, where petitioners sought to stay execution of a removal order while they applied for relief from removal and sought administrative reconsideration. We held that a request for a stay of removal arises from the Attorney General's decision to execute a removal order, and therefore is closed off from judicial review by 8 U.S.C. § 1252(g). *Id.* Kitphothiyan's case is on all fours with *Sharif.* Deportation orders, such as Kitphothiyan's, are to be stayed through administrative channels, such as an appeal to the Board of Immigration Appeals, otherwise the court system would be awash with potential deportees. *See Castaneda–Suarez v. INS,* 993 F.2d 142, 144–45 (7th Cir.1994). Only after the Board of Immigration Appeals ("BIA") has made a decision does an appeal lie in the judicial circuit in which the administrative proceedings occurred, which in this case would have been the Fourth Circuit. *See* IIRIRA § 309(c)(4)(d).[2]

Kitphothiyan is correct in noting that the Supreme Court held in *INS v. St. Cyr,* 533 U.S. 289, 314, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), that district courts retain jurisdiction under 28 U.S.C. § 2241 to review a habeas petition challenging a BIA holding that an alien was ineligible to apply for a particular form of discretionary relief from deportation. However, Kitphothiyan's petition to the district court to stay execution of the final order of deportation entered against him is entirely unrelated to the issues decided in *St. Cyr.* As we noted in *Sharif,* the Supreme Court has held that 8 U.S.C. § 1252(g) deprives the district courts of jurisdiction to review the Attorney General's decisions to commence proceedings, adjudicate cases, or execute removal orders. *Sharif,* 280 F.3d at 787 (citing *Reno v. American–Arab Anti–Discrimination Committee,* 525 U.S. 471, 473, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999) ("AADC")). The execution of the 1993 order for deportation, as a decision to execute a removal order, therefore falls under the auspices of the discretionary activities that *St. Cyr* did not address.

The only exception to this preclusion of judicial review under 8 U.S.C. § 1252(g) is in rare cases that present substantial constitutional issues or bizarre miscarriages of justice. *Chapinski,* 278 F.3d at 721; *See also Lara–Ruiz v. INS,* 241 F.3d 934, 939 (7th Cir.2001). Kitphothiyan urges the court to treat his case as a bizarre miscarriage of justice because he was "defrauded" by his former attorney and the INS has not completed adjudication of his wife's visa petition for an immediate relative. However, even assuming that Kitphothiyan had a right to effective assistance of counsel during his immigration hearing, and that ineffective counsel is the

---

**2.** The fact that Kitphothiyan is seeking stay of a deportation order rather than a removal order does not differentiate his case from the *Sharif* case, because the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") explicitly provided that section 242(g) of the INA, 8 U.S.C. § 1252(g), is retroactive. "[S]ubsection (g) of § 242 of the [INA] ... shall apply without limitation to claims arising from all past, pending or future exclusion, deportation, or removal proceedings under such Act." IIRIRA § 306(c)(4).

type of rare "substantial constitutional issue" or "bizarre miscarriage of justice" for which we would recognize an exception to § 1252(g), it does not apply when the petitioner himself is at partial fault for the events leading to his deportation. First, even if Kitphothiyan received bad legal advice, he compounded that error through his own delay and activity. Second, he has, to date, yet to exhaust his administrative remedies. *See, e.g.,* 8 U.S.C. § 1252(d) (providing for judicial review of final orders where the alien has exhausted administrative remedies); *Singh v. Reno,* 182 F.3d 504, 511 (7th Cir.1999). Additionally, the adjudication of his wife's petition has arguably been caused by the defects and Kitphothiyan's own misrepresentations in the petition. Therefore the district court properly determined that it lacked subject matter jurisdiction to entertain Kitphothiyan's petition for habeas corpus.

The district court also found that it lacked mandamus jurisdiction pursuant to 8 U.S.C. § 1252(g) to review the INS's actions with respect to its adjudication of the immediate relative petition submitted on Kitphothiyan's behalf by his wife. Kitphothiyan argues that he is eligible for mandamus jurisdiction. Mandamus jurisdiction is an extraordinary remedy and may be invoked only if Kitphothiyan shows: (1) he has a clear right to the relief sought; (2) the INS has a clear duty to perform; and (3) no other adequate remedy is available. *See Scalise v. Thornburgh,* 891 F.2d 640, 648 (7th Cir.1989). Kitphothiyan notes that he meets these requirements because his wife of eight years, Sunanta Sessions, is indeed a United States citizen, and that they have had a relative visa petition filed for seven years, and that if the visa application is not processed he will be deported.

Kitphothiyan, however, does not meet the first requirement for mandamus. Specifically, due to the errors on his application form which misrepresented his immigration status, it is not clear that he is eligible for a relative visa. A determination by the INS that the facts stated in a petition for an immediate relative visa are not true is a basis for denial of the petition. *See* INA § 204(b), 8 U.S.C. § 1154(b). Kitphothiyan argues that the defects in that form are not fatal and the information which was erroneous as filed does not go to the merits of the application. While this may indeed be the case, and eventually lead to the issuance of a relative visa, it is not a "clear right to the relief sought." The district court therefore properly determined it lacked jurisdiction for mandamus relief.

IV.

For the foregoing reasons we AFFIRM the district court.