19-3547
Troy v. Barr

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty.

PRESENT:
> **ROBERT D. SACK,**
> **RICHARD C. WESLEY,**
> **RICHARD J. SULLIVAN,**
> *Circuit Judges.*

_____

**John Troy, as Next Friend on behalf of Xue Hui Zhang,**

> *Petitioner-Appellant*,

> v.                                                                                       **19-3547**

**William P. Barr, in his official capacity as the Attorney General of the United States, United States Department of Homeland Security, Gwynne DiNolfo, Director of the Albany Field Office of the U.S. Immigration and Customs Enforcement, Chad F. Wolf, Matthew T. Albence, Acting Director of the U.S. Immigration and Customs Enforcement, Carmen Whaling, Director of the Buffalo Field Office of the U.S. Immigration and Customs Enforcement, Patrick A. Russo, Sheriff of the Rensselaer County Sheriff of the Rensselaer County,**

> *Respondents-Appellees*,

**Kirstjen Nielsen, Thomas E. Feeley,**

        *Respondents.*

_____

FOR PETITIONER-APPELLANT:        John Troy, Aaron Schweitzer, Troy Law, PLLC, Flushing, NY.

FOR RESPONDENTS-APPELLEES:        Karen Folster Lesperance, Assistant United States Attorney, of Counsel, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, NY.


Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Xue Hui Zhang appeals the district court's judgment dismissing in part and denying in part his 28 U.S.C. § 2241 petition for a writ of habeas corpus and denying his motion for a preliminary injunction and temporary restraining order. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"On appeal from the denial of a habeas petition brought pursuant to 28 U.S.C. § 2241, we review the merits of the petition and any other legal questions pertaining to subject matter jurisdiction *de novo*." *Kuhali v. Reno*, 266 F.3d 93, 99 (2d Cir. 2001); *see also Ragbir v. Homan*, 923 F.3d 53, 62 (2d Cir. 2019). "[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g). Section 1252(g) is a jurisdictional limitation that applies "to three discrete actions that the Attorney

General may take: [the] 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.* ("*AADC*"), 525 U.S. 471, 482 (1999) (quoting 8 U.S.C. § 1252(g)). A stay of removal is a request to delay the execution of a removal order. *See Sharif ex rel. Sharif v. Ashcroft*, 280 F.3d 786, 787 (7th Cir. 2002). A petitioner may not bypass the jurisdictional limitation of § 1252(g) to challenge the execution of a removal order "because it was allegedly made based on unlawful considerations." *Ragbir*, 923 F.3d at 64.

We affirm for substantially the same reasons stated by the district court in its thorough October 15, 2019 decision. Zhang sought to stay his removal, arguing that U.S. Immigration and Customs Enforcement ("ICE") detained him, released him under an order of supervision, and will remove him in the interest of his employer as retaliation for his labor law action for unpaid wages and overtime. The district court properly concluded that it lacked jurisdiction to stay Zhang's removal regardless of whether ICE located and detained him as a result of his employer's retaliatory actions. *See id.* And Zhang did not present the rare case where the jurisdictional limit in § 1252(g) may be overcome by "outrageous" government conduct. *See id.* at 69–73 (finding "outrageous" government officials' decision to execute petitioner's deportation order in retaliation for his protected speech); *see also AADC*, 525 U.S. at 491. Indeed, he did not even argue as much until his reply brief. *See* Reply at 5–7; *Conn. Bar. Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010) ("Issues raised for the first time in a reply brief are generally deemed waived.").

Although ICE retains custody of Zhang through an order of supervision that requires him to report regularly, his request for a stay was outside the court's jurisdiction. In addition, Zhang's release from detention mooted his requests for release and for a declaration that his ongoing

3

detention was unlawful. Consequently, all that remained was his request for damages, which the court properly found were not available through a habeas petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Cody v. Henderson*, 936 F.2d 715, 720 (2d Cir. 1991). Finally, we find no merit to Zhang's suggestion that his order of supervision is unconstitutional.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4