# United States Court of Appeals

## For the First Circuit

No. 09-2296

VÍCTOR HUGO RÍOS-COLÓN,

Plaintiff, Appellant,

v.

PEDRO A. TOLEDO-DÁVILA, IN HIS PERSONAL AND OFFICIAL CAPACITIES;
EDDIE CORDERO-MARTÍNEZ, IN HIS PERSONAL AND OFFICIAL CAPACITIES;
AND ELIZABETH ACEVEDO-RIVERA, IN HER PERSONAL AND OFFICIAL
CAPACITIES,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Lipez, Leval,[*] and Thompson,
Circuit Judges.

Eileen Landrón Guardiola, with whom Eduardo Vera Ramírez, Luis
A. Rodriguez Muñoz, Julio César Alejandro Serrano, and Landrón &
Vera, L.L.P. were on brief, for appellant.
Irene S. Soroeta-Kodesh, with whom Leticia Casalduc-Rabell,
Zaira Z. Girón-Anadón, and Susana I. Peñagaricano-Brown were on
brief, for appellees.

March 30, 2011

---

[*]Of the Second Circuit, sitting by designation.

**LEVAL**, <u>**Circuit Judge**</u>.    Plaintiff Víctor Hugo Ríos-Colón ("Ríos") appeals from the judgment of the United States District Court for the District of Puerto Rico, dismissing his suit alleging racial discrimination in the course of his employment in the Puerto Rico Police Department for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The complaint alleged that he is black and that his supervisor in the Police Department used racial slurs against him and transferred him to a less desirable position.  For the reasons explained below, we conclude that the complaint plausibly alleged claims of racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, and of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, made actionable by 42 U.S.C. § 1983.  Accordingly, we vacate in part and remand for further proceedings.[1]

## BACKGROUND

### I. Allegations of the Complaint

The complaint[2] alleges as follows:

At all relevant times, Ríos was an officer in the Puerto Rico

---

[1]The complaint also asserted claims under section 1983 of deprivation of rights under the First, Fourth, Fifth, and Tenth Amendments, and the Due Process Clause of the Fourteenth Amendment, which the district court also dismissed for failure to state a claim.  Ríos does not challenge those rulings on appeal.

[2]"Complaint" refers to the First Amended Complaint filed September 10, 2008.

Police Department.  He holds a master's degree in education from Ana G. Méndez University and has been certified to give drug prevention talks to schools, churches, and offices.  The complaint asserts that he is "of the Negro race" and that "the color of his skin is black."

From 2005 to 2007, Ríos was assigned to the <u>Division Prevención Drogas Mediante Educación a la Comunidad</u> (hereinafter the "Drug Prevention Division") for the Aguadilla area, which had offices near the Aguadilla airport.  His duties included giving drug prevention talks and required him to work nights and weekends. His earnings included approximately $100 per month in overtime pay.

Agent Orlando Adames Cardona ("Adames") was also assigned to the Drug Prevention Division.  Both Ríos and Adames were supervised by Lieutenant Eddie Cordero Martínez ("Cordero").  Adames and Cordero are white.

In August 2006, Cordero and another white lieutenant, Elizabeth Acevedo-Rivera ("Acevedo"), began exhibiting discriminatory animus against Ríos in front of other officers.  For example, the complaint alleges that Cordero, in front of Ríos, made reference to "this damn nigger," and that Acevedo said of Ríos "I will take that negro out of here," and "I don't want him here." Acevedo and Cordero also allegedly conspired to deprive Ríos of the use of his office.

In February 2007, Cordero reassigned Ríos to the Bureau of

- 3 -

Illegal Arms, Airport Illegal Arms Section, West Region, also in Aguadilla. The new position was less desirable in that it required Ríos to travel to other airports by himself without backup and did not offer a private office or the same opportunity for overtime pay. No one was assigned to fill Ríos's former position at the Drug Prevention Division.

In December 2007, Adames was transferred at his request, creating a second vacancy at the Drug Prevention Division. Cordero recommended a white agent, Sixto Salinas Cabàn ("Salinas"), for the position, and he was appointed. The complaint asserts on information and belief that Salinas was less qualified than Ríos as he had only recently obtained a bachelor's degree and was not certified to give drug prevention talks.

## II. The District Court's Decisions

On May 23, 2008, Ríos filed a complaint in the United States District Court for the District of Puerto Rico, naming as defendants in both their personal and official capacities: Cordero; Acevedo; and Pedro A. Toledo-Dávila ("Toledo"), who was Superintendent of the Puerto Rico Police Department. The court granted the defendants' motion to dismiss the complaint for failure to state a claim. Ríos-Colón v. Toledo-Dávila, No. 08-1577-CCC, 2009 WL 1767566 (D.P.R. June 19, 2009).

The court ruled that the complaint failed under Title VII because that statute applies to employers, not individual

- 4 -

supervisors, and the complaint did not name the Police Department as a defendant. Id. at *3. The court also held that the complaint did not plausibly allege violations of the First, Fourth, Fifth, and Tenth Amendments, or the Due Process Clause of the Fourteenth Amendment. Id. at *3-*6. Without addressing whether the complaint stated a claim of racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, the court dismissed all of the federal claims and declined to exercise supplemental jurisdiction over the remaining claims under Puerto Rico law.

Upon Ríos's motion for reconsideration, the court upheld its prior ruling. With respect to the Title VII claim, the court acknowledged that the complaint "clearly pled a cause of action for race discrimination," but adhered to the dismissal of the claim because the complaint did not name the Police Department as a defendant. Once again, the court did not address whether the complaint stated a claim of racial discrimination in violation of the Equal Protection Clause.

This appeal followed.

## DISCUSSION

We review the district court's dismissal of the complaint de novo. Sanchez v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.

Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Ríos advances two arguments on appeal. First, noting the district court's eventual acknowledgment that the complaint asserted a viable claim of violation of Title VII, Ríos contends the court erred in dismissing it on the ground that he brought the suit against his superior officers, rather than against his employer. Second, Ríos contends the complaint plausibly alleged a claim of racial discrimination in violation of the Equal Protection Clause. We agree with both contentions.

## I.  Title VII

Although acknowledging that the complaint "clearly pled a cause of action for race discrimination" in violation of Title VII,[3] the district court dismissed the claim because it was asserted against Ríos's three supervisors, instead of against the Police Department, his employer.

Given that the complaint named as defendants Ríos's supervisors (including the Department's Superintendent) in their official capacities, the failure to name the Police Department itself did not justify dismissal of the Title VII claim. We have ruled that a Title VII claim brought against a supervisory employee in his official capacity as an agent of the employer operates as a

---

[3]On appeal, defendants have not challenged the district court's conclusion that the complaint plausibly alleges discrimination in violation of Title VII.

claim against the employer.  See Vera v. McHugh, 622 F.3d 17, 25 n.8 (1st Cir. 2010) (noting that, in a Title VII suit brought by an employee of the Puerto Rico Army solely against the Secretary of the Army, "[t]he Secretary was sued in his capacity as [the plaintiff's] employer"); see also Sauers v. Salt Lake Cnty., 1 F.3d 1122, 1125 (10th Cir. 1993) ("[T]he proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." (quoting Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991))).

## II. Equal Protection

The district court dismissed the complaint in its entirety without addressing whether it plausibly alleged a violation of the Equal Protection Clause.  We agree with Ríos that the complaint asserted a claim under the Equal Protection Clause, which should not have been dismissed.  To prevail on a claim of racial discrimination in violation of the Equal Protection Clause, a plaintiff must establish (1) that he was selected for adverse treatment compared with others similarly situated, and (2) that the selection for adverse treatment was based on his race.  See Rubinovitz v. Rogato, 60 F.3d 906, 909-10 (1st Cir. 1995); Yerardi's Moody St. Rest. & Lounge, Inc. v. Bd. of Selectmen, 878 F.2d 16, 21 (1st Cir. 1989).

The complaint alleges that Ríos was transferred from a

position with the Drug Prevention Division to a less desirable position with the Bureau of Illegal Arms. The position to which he was transferred allegedly offered materially less attractive working conditions and fewer opportunities to earn overtime pay. The complaint furthermore plausibly alleges that the disadvantageous transfer was based on racial discrimination. It alleges that Cordero, the supervisor who caused Ríos to be transferred and who recommended a less qualified white candidate in preference to Ríos when a position in the Drug Prevention Division later became available, had used abusive and derogatory slurs expressing explicit anti-black racial bias. These allegations were sufficient to plead a cognizable claim under the Equal Protection Clause, as they convey a plausible inference that Cordero discriminated against Ríos in official acts, depriving him of significant advantages because of his race. See Iqbal, 129 S. Ct. at 1949 (a claim survives a motion to dismiss if the factual allegations permit "the reasonable inference that the defendant is liable for the misconduct alleged"); Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 229-30 (1995) ("[W]henever the government treats any person unequally because of his or her race, that person has suffered an injury that falls squarely within the language and spirit of the Constitution's guarantee of equal protection.").

We conclude that the complaint pleaded a claim under section 1983 of racial discrimination in violation of the Equal Protection

Clause, which claim should not have been dismissed.[4]

## III. Supplemental Jurisdiction

Defendants argue that Ríos should be precluded from advancing his local law claims upon remand because in this appeal he did not separately challenge the district court's decision to decline supplemental jurisdiction over those claims. We disagree. The district court's decision to decline supplemental jurisdiction was based on its conclusion that the complaint failed to state any viable federal claims. Our decision to vacate the dismissal of the federal claims eliminates the basis of that decision. We find no waiver. We accordingly vacate the district court's order declining to exercise supplemental jurisdiction over the local law claims.

**CONCLUSION**

The district court's dismissal of Ríos's claims of racial discrimination in violation of Title VII and the Equal Protection Clause, and its order declining to exercise supplemental jurisdiction over his local law claims, are hereby vacated, and the case is remanded for further proceedings consistent with this opinion. Costs of the appeal to abide the ultimate resolution of the case.

---

[4]The district court perhaps believed that the plaintiff's claim of racial discrimination was asserted only under Title VII and not as a constitutional matter. We acknowledge that the complaint could have been clearer in this regard. Nonetheless, the briefs for both the defendants and the plaintiff, submitted in relation to the defendants' motion to dismiss, expressly recognized that the complaint included an equal protection claim.