NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

ALVARO SANCHEZ-AGUILAR,

*Defendant-Appellant*.

No.   21-50090

D.C. No. 3:19-cr-02022-GPC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted May 17, 2022
Pasadena, California

Before:  MILLER and COLLINS, Circuit Judges, and KORMAN,[**] District Judge.

Alvaro Sanchez-Aguilar ("Sanchez") appeals his convictions for making a

false statement to a federal officer, in violation of 18 U.S.C. § 1001(a)(1), and

attempted reentry by a removed alien, in violation of 8 U.S.C. § 1326.  Sanchez is a

citizen of Mexico who had been deported to Mexico seven times before this case.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

Each time before his most recent attempt to cross the border, he jumped over the border fence. This prosecution arose out of his latest attempt to cross the border when he tried to walk through a port of entry, claiming that he was a naturalized U.S. citizen. Sanchez had not obtained prior permission from the Attorney General permitting him to enter the country. After a bench trial, the district judge found Sanchez guilty of both counts and sentenced him to time served.

1. Sanchez argues that the evidence was insufficient to support his convictions for either offense. To establish the false statement charge, the prosecution had to prove that Sanchez "knowingly and willfully . . . ma[de] a[] materially false, fictitious, or fraudulent statement or representation to a federal official." *United States v. Charley*, 1 F.4th 637, 643 (9th Cir. 2021) (internal quotation marks and citation omitted). To establish attempted illegal reentry, the prosecution had to prove that Sanchez "had the purpose, i.e., conscious desire, to reenter the United States without the express consent of the Attorney General." *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1196 (9th Cir. 2000) (en banc). At trial, Sanchez defended against both charges by claiming that he believed that he was a U.S. citizen when he attempted to reenter the country. *See United States v. Smith-Baltiher*, 424 F.3d 913, 923–25 (9th Cir. 2005). The district court, however, did not believe Sanchez, and we "cannot second-guess the [fact-finder's] credibility assessments; rather, 'under *Jackson* [*v. Virginia*, 443 U.S. 307 (1979)], the assessment of the credibility of

2

witnesses is generally beyond the scope of review.'" *United States v. Nevils*, 598 F.3d 1158, 1170 (9th Cir. 2010) (quoting *Schlup v. Delo*, 513 U.S. 298, 330 (1995)). There was ample evidence to support the finding that Sanchez did not honestly believe he was a U.S. citizen when he attempted to reenter the United States in 2019, and it follows from this finding that there was sufficient evidence that he also knew that he needed but did not have the consent of the Attorney General.

On appeal, Sanchez argues that the district court erred by considering, as part of its credibility analysis, whether it would have been reasonable for Sanchez to believe that he was U.S. citizen. But the reasonableness of Sanchez's purported belief that he was a U.S. citizen was relevant to assessing Sanchez's credibility and determining whether he did in fact honestly hold such a belief. Indeed, "juries are routinely instructed to consider . . . the reasonableness of the witness' testimony in light of all the evidence." *Sea Hawk Seafoods, Inc. v. Alyeska Pipeline Serv. Co.*, 206 F.3d 900, 912 (9th Cir. 2000) (quotation marks and citation omitted).

2. Sanchez did not argue below that the prosecution and district judge erroneously shifted the burden of proof to him, so our review of this claim is only for plain error. *See United States v. Vaandering*, 50 F.3d 696, 701 (9th Cir. 1995). There was no error, plain or otherwise. The prosecutor merely argued that the government had met its burden of proving specific intent and that Sanchez's testimony to the contrary was not credible. *See United States v. Tucker*, 641 F.3d

3

1110, 1120–22 (9th Cir. 2011). Highlighting weaknesses in the defense does not shift the burden of proof, particularly when, as here, the prosecutor "reiterates that the burden of proof is on the government." *Vaandering*, 50 F.3d at 701–02.

As for whether the district court misplaced the burden of proof, the colloquy Sanchez points to between the court and the prosecutor about the evidence was "nothing more than the district court (in its capacity as trier of fact) reflecting to counsel" its thoughts on the evidence. *United States v. Brobst*, 558 F.3d 982, 1000 (9th Cir. 2009). And while the district court referred to the defendant's claimed mistake about his citizenship as a "defense" that he did "not establish[]," when that remark is read in context it is clear that the court correctly placed the burden on the government to prove all elements of the offenses beyond a reasonable doubt. *See id.*

**AFFIRMED.**